**Matter of the Application of Kurt REITMANN for a Writ of Habeas Corpus.**
**No. 35712.**

United States District Court
N. D. California, S. D.
Sept. 18, 1956.

Phelan & Simmons, San Francisco, Cal., for petitioner.

Lloyd H. Burke, U. S. Atty., and Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for respondent.

GOODMAN, District Judge.

Petitioner is a citizen of Switzerland who has been a resident of the United States since July 1, 1949, when he was lawfully admitted as a permanent resident. On April 1, 1955, preparatory to a contemplated trip to Switzerland, petitioner obtained a permit to re-enter the United States. Thereafter he departed from this country and went to Switzerland. Upon his return to the United States on September 27, 1955, he was denied admittance under the Immigration and Nationality Act of 1952 as an alien ineligible for citizenship. Pending the outcome of exclusion proceedings, he was paroled into the United States. Upon the unfavorable termination of these proceedings, he tendered the present petition alleging that Immigration and Naturalization Service erred in finding that he is an excludable alien. An order to show cause was issued and the case was submitted upon the record of the exclusion proceedings.

Section 212 of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1182, which is presently in effect and which was in effect when petitioner was denied entry into the United States on September 27, 1955, provides that an alien who seeks entry as an immigrant alien and who is ineligible to citizenship shall be excluded from admission to the United States. It is conceded that petitioner, as a returning alien, previously admitted for permanent residence, has the status of an immigrant alien. Immigration and Nationality Act of 1952, § 101(a) (15), 8 U.S.C.A. § 1101(a) (15).

Section 315 of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1426, makes permanently ineligible for citizenship any alien who has applied for exemption from service in the Armed Forces of the United States on the ground of alienage and who was relieved from service on such ground. Petitioner applied for relief from service in the Armed Forces on the ground of alienage on March 19, 1951, and, on the same day was granted such relief. Section 4 of the Selective Service Act of 1948, 50 U.S.C.A.Appendix, § 454, as it then read, provided that resident aliens might apply for exemption from military service, and if they did so, they would thereafter be debarred from citizenship.[1] Thus assuming the regularity of petitioner's application for and grant of exemption from military service, it is clear that he is an alien ineligible for citizenship.

Petitioner contends, however, that he is not excludable under Section 212 of the Immigration and Nationality Act of 1952 as an immigrant alien ineligible for citizenship because the savings clause of that Act, Section 405, 8 U.S.C.A. § 1101 note, preserves the non-excludable status he had under the prior law.

The savings clause of the 1952 Act provides that "Nothing contained in this Act, unless otherwise specifically pro-

[1] A subsequent amendment to the Selective Service Act of 1948 made aliens admitted for permanent residence liable for military service without the privilege of applying for exemption on the ground of alienage. 64 Stat. 1073, June 19, 1951, 65 Stat. 75.

vided therein, shall be construed to affect * * * any status, condition, right in process of acquisition, act, thing, liability, obligation, or matter, civil or criminal, done or existing, at the time this Act shall take effect; but as to all such * * * statuses, conditions, rights, acts, things, liabilities, obligations, or matters the statutes or parts of statutes repealed by this Act are, unless otherwise specifically provided therein, hereby continued in force and effect."

The Immigration Act of 1924, Sections 4(b) and 13(c), 8 U.S.C. §§ 204(b) and 213(c), 1946 Ed., the applicable statute in force prior to the effective date of the 1952 Act, while excluding generally immigrant aliens ineligible to citizenship, excepted from this exclusionary provision, immigrants previously lawfully admitted to the United States returning from a temporary visit abroad. Thus under the statute in force prior to the 1952 Act, petitioner had a status as a resident alien enabling him to depart the United States on temporary visits abroad and return, even though he was ineligible for citizenship.

In my opinion, the savings clause of the 1952 Act is sufficiently broad to preserve this status. I do not read it as being limited to the preservation of inchoate rights in the process of acquisition as did the Court in Paris v. Shaughnessy, D.C.S.D.N.Y.1956, 138 F.Supp. 36, relied upon by the Government. The savings clause is an exceptionally sweeping one designed for a statute which constituted a complete revision of our immigration law. It should be applied, as was obviously intended, to forestall the deprivation of a status gained under the prior law, unless it clearly appears that Congress had a contrary intent. There is no reason to believe that the Congress wished to suddenly circumscribe the movements of resident aliens who theretofore had been free to leave the United States temporarily and return.

The Government notes that in addition to the savings clause, Section 405 of the 1952 Act contains another clause providing that "When an immigrant, in possession of an unexpired immigrant visa issued prior to the effective date of this Act, makes application for admission, his admissibility shall be determined under the provisions of law in effect on the date of the issuance of such visa." As well, the Government refers to pertinent authority that for purposes of entry an immigration visa is the equivalent of a re-entry permit. United States ex rel. Polymeris v. Trudell, 1932, 284 U.S. 279, 52 S.Ct. 143, 76 L.Ed 291; Rederiaktiebolaget Nordstjernen v. United States, 9 Cir., 1932, 61 F.2d 808. The conclusion of the Government is that the admissibility of an immigrant in possession of an unexpired re-entry permit issued, as was petitioner's, *after* the effective date of the 1952 Act, must be determined under that Act. But assuming the validity of this conclusion, since the savings clause is part of the 1952 Act, the net result still is that the savings clause is determinative that petitioner is admissible.

Ordered that a writ of habeas corpus be issued and the order of exclusion be vacated.