## MULCAHEY, DISTRICT DIRECTOR, IMMIGRATION AND NATURALIZATION SERVICE, v. CATALANOTTE.

No. 435.   Argued March 27, 1957.—Decided June 3, 1957.

*Roger D. Fisher* argued the cause for petitioner.   On the brief were *Solicitor General Rankin, Assistant Attorney General Olney, Beatrice Rosenberg* and *J. F. Bishop.*

*Louis M. Hopping* argued the cause and filed a brief for respondent.

MR. JUSTICE WHITTAKER delivered the opinion of the Court.

This is a companion case to *Lehmann* v. *United States ex rel. Carson, ante,* p. 685, and presents similar questions. Respondent, an alien who entered the United States in 1920 for permanent residence, was convicted in 1925 of a federal offense relating to illicit traffic in narcotic drugs.[1]

---

[1] The sale of a quantity of cocaine hydrochloride and possession and purchase of 385 grains thereof.

At that time there was no statute making that offense a ground for deportation. He was taken into custody in May, 1953, and, after administrative proceedings, was ordered deported under § 241 (a)(11) and (d) of the Immigration and Nationality Act of 1952,[2] which provides, *inter alia*, for the deportation of any alien ". . . who at any time has been convicted of a violation of any law or regulation relating to the illicit traffic in narcotic drugs . . . ."[3]

Respondent petitioned the District Court for the Eastern District of Michigan for a writ of habeas corpus. The District Court, after hearing, denied the petition. The Court of Appeals reversed, 236 F. 2d 955, holding—principally on the basis of its earlier decision in *United States* v. *Kershner*, 228 F. 2d 142, this day reversed by us, *sub nom. Lehmann* v. *United States ex rel. Carson, ante,* p. 685—that inasmuch as respondent's conviction in 1925 of illicit traffic in narcotic drugs was not a ground for deportation prior to the Immigration and Nationality Act of 1952, respondent had a "status" of nondeportability

---

[2] 66 Stat. 204, 8 U. S. C. § 1251.

[3] Section 241 (a)(11) and (d) of the Immigration and Nationality Act of 1952 provides, in pertinent part, as follows:

"(a) Any alien in the United States (including an alien crewman) shall, upon the order of the Attorney General, be deported who—

.          .          .    `      .          .

"(11) is, or hereafter at any time after entry has been, a narcotic drug addict, or who at any time has been convicted of a violation of any law or regulation relating to the illicit traffic in narcotic drugs . . . .

.          .          .          .          .

"(d) Except as otherwise specifically provided in this section, the provisions of this section shall be applicable to all aliens belonging to any of the classes enumerated in subsection (a), notwithstanding . . . (2) that the facts, by reason of which any such alien belongs to any of the classes enumerated in subsection (a), occurred prior to the date of enactment of this Act."

which was preserved to him by the savings clause in § 405 (a) of that Act.[4] We granted certiorari, 352 U. S. 915.

As we have said in *Lehmann* v. *United States ex rel. Carson, ante,* p. 685, § 405 (a) by its own terms does not apply to situations "otherwise specifically provided" for in the Act. Section 241 (a)(11) and § 241 (d) specifically provide for the deportation of an alien notwithstanding that the offense for which he is being deported occurred prior to the 1952 Act. Section 241 (a)(11) makes an alien deportable if he has "at any time" been convicted of illicit traffic in narcotic drugs. And § 241 (d) makes § 241 (a)(11) applicable to all aliens covered thereby "notwithstanding . . . that the facts . . . occurred prior to the date of enactment of this Act." It seems to us indisputable, therefore, that Congress was legislating retrospectively, as it may do,[5] to cover offenses of the kind here involved. The case is, therefore, "otherwise specifically provided" for within the meaning of § 405 (a). The Court of Appeals was in error in holding to the contrary, and its judgment is

*Reversed.*

[For dissenting opinion of MR. JUSTICE BLACK, joined by MR. JUSTICE DOUGLAS, see *ante,* p. 690.]

---

[4] 66 Stat. 280, 8 U. S. C. § 1101, Note. Section 405, so far as here material, provides "Nothing contained in this Act, unless otherwise specifically provided therein, shall be construed to affect . . . any status . . . existing, at the time this Act shall take effect . . . ."

[5] *Bugajewitz* v. *Adams,* 228 U. S. 585; *Ng Fung Ho* v. *White,* 259 U. S. 276; *Mahler* v. *Eby,* 264 U. S. 32; *United States ex rel. Eichenlaub* v. *Shaughnessy,* 338 U. S. 521; *Harisiades* v. *Shaughnessy,* 342 U. S. 580; *Galvan* v. *Press,* 347 U. S. 522; *Marcello* v. *Bonds,* 349 U. S. 302.