Bruce G. BARBER, District Director, Immigration and Naturalization Service, Appellant,

v.

Kurt RIETMANN, Appellee.

No. 15394.

United States Court of Appeals
Ninth Circuit.

Sept. 13, 1957.

———◆———

Lloyd H. Burke, U. S. Atty., Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for appellant.

Phelan & Simmons, Arthur J. Phelan, Milton T. Simmons, San Francisco, Cal., for appellee.

Before ORR, BARNES, and HAMLEY, Circuit Judges.

ORR, Circuit Judge.

Rietmann, hereafter referred to as Petitioner, a citizen of Switzerland, was on the first day of July, 1949, admitted as a permanent resident of the United States. On March 19, 1951, he requested and was granted relief from service in the Armed Forces of the United States under Section 4(a) of the Selective Service Act of 1948, 62 Stat. 604, 605–606, 50 U.S.C.A.Appendix, § 454(a). Having claimed and been granted exemption from service in the Armed Forces, Petitioner was thereby debarred from becoming a citizen of the United States.

Thereafter, Petitioner decided to take a trip to Switzerland and on or about April 1, 1955, was issued a re-entry permit by the Immigration and Naturalization Service. He took the trip and attempted to re-enter the United States on September 27, 1955. He was denied admittance under Section 212(a) (22) of the 1952 Immigration and Nationality Act, 8 U.S.C.A. § 1182(a) (22) (1952), as an alien permanently ineligible to become a citizen under Section 315(a) of said Act, 8 U.S.C.A. § 1426(a) (1952). Petitioner is now in the United States under parole.

On August 3, 1956, a writ of Habeas Corpus was applied for by Petitioner. On November 8, 1956, the District Court granted the petition and issued the writ. 148 F.Supp. 556.

In granting the writ the District Court held that Petitioner was taken out of the provisions of the 1952 Act by reason of the Savings Clause contained in said Act, which, insofar as it is pertinent here, reads:

> "Section 405. (a) Nothing contained in this Act, unless otherwise specifically provided therein, shall be construed to affect * * * any status, condition, right in process of acquisition, act, thing, liability, obligation, or matter, civil or criminal, done or existing, at the time this Act shall take effect; but as to all such prosecutions, suits, actions, proceedings, statutes, conditions, rights, acts, things, liabilities, obligations, or matters the statutes or parts of statutes repealed by this Act are, unless otherwise specifically provided therein, hereby continued in force and effect." 8 U.S.C.A. § 1101 Note (1952).

At the time of the enactment of the 1952 statute, Petitioner had acquired a *status* under the 1924 statute which would have permitted him to make a temporary visit abroad and to have thereafter re-entered the United States as a non-quota immigrant, notwithstanding he was ineligible to become a citizen of the United States. The trip taken by Petitioner was in 1955. His attempt to re-enter was in the same year. The question for solution is: Was the status given him by the 1924 Act preserved by the Savings Clause of the 1952 Act? It was, unless otherwise provided in the 1952 Act. We turn to a consideration of the applicable provisions of the 1952 Act.

Section 212(a) (22), 8 U.S.C.A. § 1182(a) (22) (1952), provides:

> "Except as otherwise provided in this Act, the following classes of aliens shall be ineligible to receive visas and shall be excluded from admission into the United States: * * *
>
> "(22) Aliens who are ineligible to citizenship * * *"

■ In construing the provisions of the 1952 Act, Section 212(a) (22) must be read in connection with Section 101 (a) (19), 8 U.S.C.A. § 1101(a) (19), which defines the phrase "ineligible to citizenship" when used in the Act in reference to any individual to mean:

> " * * * notwithstanding the provisions of any treaty relating to military service, an individual who is, or was at any time, permanently debarred from becoming a citizen of the United States under section 3(a) of the Selective Training and Service Act of 1940, as amended (54 Stat. 885; 55 Stat. 844), or under section 4(a) of the Selective Service Act of 1948, as amended (62 Stat. 605; 65 Stat. 76), or under any section of this Act, or any other Act, or under any law amendatory of, supplementary to, or in substitution for, any of such sections or Acts."

So when Section 212(a) (22) excludes aliens ineligible for citizenship, it by definition excludes an individual *who is, or was at any time, permanently debarred from becoming a citizen of the United States.* We think this provision definitely makes the exclusionary provision of the 1952 Act retroactive.

There is no apparent reason to include the phrase "or was at any time" and the reference to the 1940 Draft Act and its successor, the 1948 Act, unless the Congress was "legislating retrospectively, as it may do * * *." Mulcahey v. Catalanotte, 1957, 353 U.S. 692, 694, 77 S.Ct. 1025, 1026, 1 L.Ed.2d 1127.

Certain provisions of the 1952 Act, which the Supreme Court of the United States held to be retroactive in the cases of Lehmann v. United States ex rel. Carson, 1957, 353 U.S. 685, 77 S.Ct. 1022, 1 L.Ed.2d 1122, and Mulcahey v. Catalanotte, supra, do not appear to carry any more definitely retroactive language

than that contained in Sections 212(a) (22) and 101(a) (19), although the deportation provisions are more repetitious.[1]

Petitioner argues that the general preface to the exclusion section, viz., "Except as otherwise provided in this Act," reaches over to the Savings Clause and overrides any provision of retroactivity as relates to petitioner. We do not agree. The general preface has no effect upon the express provision providing for the exclusion of Petitioner because of his ineligibility to become a citizen.

The Second Circuit in the case of Paris v. Shaughnessy, 247 F.2d 1, reached the same conclusion we do here: that the Savings Clause of the 1952 Act does not apply to the re-entry of a person ineligible to citizenship because it is otherwise provided for in the Act.

Reversed.

1. That the use of the definition contained in section 101(a) (19) was intended to apply to section 212(a) (22) is apparent from the reference in the latter section to persons leaving the country to avoid military service, and from the fact that the words "ineligible to citizenship" appear elsewhere in only minor provisions of the Act.