**Herbert BROWNELL, Jr., Attorney General of the United States, Appellant,**

v.

**Dominic ANZALONE, Appellee.**

**No. 13522.**

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 2, 1957.

Decided Feb. 13, 1958.

Mr. John W. Kern III, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Lewis Carroll, Asst. U. S. Atty., were on the brief, for appellant.

Mr. David Carliner, Washington, D. C., with whom Mr. Jack Wasserman, Washington, D. C., was on the brief, for appellee.

Before WILBUR K. MILLER, BAZELON and WASHINGTON, Circuit Judges.

WASHINGTON, Circuit Judge.

This is a deportation case. The Government appeals from an order of the District Court granting plaintiff-appellee's motion for summary judgment and declaring that he is not subject to deportation. Summary judgment was granted solely on the basis of the complaint and the answer. The Immigration and Naturalization Service file—which would have disclosed all of the administrative proceedings leading up to the final administrative finding of deportability—was not before the District Court and is not, of course, in the record in this court.

Taken together, the facts admitted in the complaint and answer show that appellee is a native and citizen of Italy who came to this country in August of 1922. He has maintained a residence here since that time, is married to an American citizen [1] and has an American-born son. It is further admitted that on February 19, 1952, prior to the effective date of the Immigration and Nationality Act of 1952, 66 Stat. 204, 8 U.S.C.A. § 1251 et seq., a warrant of arrest for deportation was served on appellee, and that appellee was subsequently ordered deported "solely upon the ground that he entered the United States illegally in 1922." No further undisputed allegations appear. It does appear from the briefs that the charges on which appellee was found deportable were lodged against appellee in the deportation proceedings, and that those proceedings were carried on pursuant to the 1952 Act, rather than pursuant to the Immigration Act of 1917, 39 Stat. 874, under which the warrant was issued. It appears also that the charge on which the warrant was originally issued was not sustained by the Board of Immigration Appeals.

The District Court found as a fact, however, that appellee (1) entered the United States "as a seaman," and (2) was ordered "deported * * * upon the ground that he entered the United States without a passport and without inspection in 1922." The Government had specifically denied in its answer ap-

---

1. The Government does not admit that the marriage is legal, but seems to admit that the wife is an American citizen.

**846**

pellee's allegation that he had entered "as a seaman"; and it had admitted only that appellee was ordered deported because he "entered the United States illegally in 1922." We cannot discern from the record before us upon what basis the District Court determined from the pleadings that appellee was ordered deported because of entry "without a passport and without inspection."

It may be material in this case to determine the precise manner in which appellee entered the country, as different reasoning must be employed to determine deportability *vel non,* on the one hand, on the basis of a legal entry in 1922 as a seaman followed by overstaying the period of entry or, on the other hand, on the basis of an illegal entry in 1922 without documents and without inspection. *Compare* Immigration and Nationality Act of 1952, §§ 241(a)(2), 241(d), 405(a), 66 Stat. 204, 208, 280, 8 U.S. C.A. §§ 1251(a)(2) and 1251(d), 1101 Note, *with* Passport Act of 1918, 40 Stat. 559; Executive Order No. 2932, § 10(c) (1918); Immigration Act of 1917, §§ 19, 34, 39 Stat. 889, 896; *and with* Executive Order No. 2932, §§ 31, 34 (1918); Act of March 2, 1921, 41 Stat. 1205, 1217. The Government does not suggest that there are, in the record before us, any administratively sustained charges of acts committed by appellee, during the time he has resided here, which would warrant deportation.

The Government here seems to urge in its main brief not only that summary judgment was improperly granted, but that we should reverse and direct entry of judgment against the alien. Even assuming we have the power,[2] we would not do so in this case. Without the administrative record, without a more complete transcript of the proceedings in the District Court, and without the benefit of the District Court's examination of the agency's findings, we could not properly take the step the Government suggests. Whether the rationale of Lehmann v. United States ex rel. Carson,

1957, 353 U.S. 685, 77 S.Ct. 1022, 1 L.Ed. 2d 1122, and Mulcahey v. Catalanotte, 1957, 353 U.S. 692, 77 S.Ct. 1025, 1 L.Ed. 2d 1127, will ultimately prove applicable here is something not now to be decided. Before we would allow imposition of so harsh a sanction as deportation—especially after 35 years of residence—we would require an unambiguous record which discloses clearly a properly supported basis for present deportation. See Rowoldt v. Perfetto, 355 U.S. 115, 78 S.Ct. 180, 2 L.Ed.2d 140.

Reversed and remanded for further proceedings not inconsistent herewith.

---

**2.** But cf. Fountain v. Filson, 1949, 336 U.S. 681, 69 S.Ct. 754, 93 L.Ed. 971; 6

Moore, Federal Practice par. 56.12 (1953).