**Manuel MENDOZA-RIVERA, Plaintiff,**

v.

**Albert DEL GUERCIO, as District Director of the Immigration and Naturalization Service, Los Angeles, California, Defendant.**

No. 813-57.

United States District Court
S. D. California,
Central Division.

Feb. 24, 1958.

Harlin M. Fuller, Los Angeles, Cal., for plaintiff.

Laughlin E. Waters, U. S. Atty., Richard A. Lavine and Norman R. Atkins, Asst. U. S. Attys., Los Angeles, Cal., for defendant.

WESTOVER, District Judge.

Plaintiff, Manuel Mendoza-Rivera, is a citizen of Mexico who has been in the United States since the age of two years. On January 10, 1952, in the Superior Court of the State of California, in and for the County of Los Angeles, he was convicted of possession of flowering tops and leaves of Indian Hemp, in violation of Section 11500 of the West's Ann. Health and Safety Code of the State of California, and was sentenced to imprisonment for the term of ninety days.

On December 20, 1956, some five years later, plaintiff herein was served with an order to show cause and a notice of hearing, which set out that inasmuch as plaintiff was convicted on January 10, 1952, at Los Angeles, California, of the offense of possession of flowering tops and leaves of Indian Hemp (marihuana), he was subject to be taken into custody and deported, pursuant to the provisions of Section 241(a) (11) of the Immigration and Nationality Act. A hearing was had before a special inquiry officer on January 3, 1957, and the plaintiff was ordered deported. From this Order plaintiff appealed, and on January 31, 1957, the Chairman of the Board of Immigration Appeals made an order in which he reviewed the action taken by

the hearing officer. The Order reads in part as follows:

"* * * at the time of his [plaintiff's] last entry on March 15, 1955 the respondent was not excludable by the law then existing since mere naked possession of a narcotic was not a ground of excludability * * * Mere possession was not made a ground of inadmissibility until the amendment to the Immigration and Nationality Act by Section 301(a), Act of July 18, 1956 (70 Stat. 575) [8 U.S.C.A. § 1182]. Since the alien had entered the United States prior to the date of the amendment he was not at the time of entry within one of the classes of aliens excludable by the law existing at the time of such entry. Accordingly, we find the charge stated in the Order to Show Cause not sustained. The proceedings will be terminated."

However, on March 11, 1957, the Immigration and Naturalization Service sent to plaintiff herein a second order to show cause and notice of hearing, alleging in substance the charges as made in the order to show cause dated December 20, 1956. A hearing was had upon the order to show cause, and on April 12, 1957, the special inquiry officer held again that the plaintiff herein be deported.

An appeal was taken by this plaintiff to the Board of Immigration Appeals, Department of Justice, Washington, D. C., and on May 20, 1957, the Chairman of the Board of Appeals filed an order holding that plaintiff was deportable under Section 241(a) (11) of the Immigration and Nationality Act, as amended by the Act of July 18, 1956, and dismissed the appeal. Thereafter this petition for judicial review of the order of deportation was filed by the plaintiff.

On July 18, 1956 Congress amended the Immigration and Nationality Act and provided mere possession of a narcotic drug would be sufficient to justify deportation. Section 1251, Title 8 Sub-division (a) (11) provides that an alien may be deported:

"* * * who at any time has been convicted of a violation of any law or regulation relating to the illicit traffic in narcotic drugs, or who has been convicted of a violation of any law or regulation governing or controlling the taxing, manufacture, production, compounding, transportation, sale, exchange, dispensing, giving away, importation, exportation, or the possession for the purpose of the manufacture, production, compounding, transportation, sale, exchange, dispensing, giving away, importation or exportation of opium, coca leaves, heroin, marihuana, any salt derivative or preparation of opium or coca leaves or isonipecaine or any addiction-forming or addiction-sustaining opiate; * * *"

The sole contention before the Court in this proceeding is whether the term "narcotic drug" in Section 1251(a) (11) includes marihuana.

Examination of Section 1251(a) (11) indicates that Congress has seen fit to include in the section a number of different offenses. The section provides that an alien may be deported (1) who has at any time been convicted of a violation of any law or regulation relating to the illicit traffic in narcotic drugs; (2) who has been convicted of a violation of any law or regulation governing or controlling the taxing, manufacture, production, compounding, transportation, sale, exchange, dispensing, giving away, importation, exportation, or (3) the possession for the purpose of the manufacture, production, compounding, transportation, sale, exchange, dispensing, giving away, importation or exportation of opium, coca leaves, heroin, marihuana, any salt derivative or preparation of opium or coca leaves or isonipecaine or any addiction-forming or addiction-sustaining opiate.

In Item (3) above, Congress uses the term "marihuana, * * * or any addiction-forming or addiction-sustain-

ing opiate." If Congress wished to include within the definition of narcotic drugs in (1) above "marihuana", so there would have been no question as to its intent, it could very easily have added the word "marihuana." Congress knew, or should have known, that there had been a question as to whether the term "narcotic drugs" included marihuana. Certainly it should have been cognizant of the implications which would arise in omitting the term "marihuana."

If plaintiff herein is to be deported, he must be deported because he has been convicted of a violation relating to illicit traffic in narcotic drugs. Plaintiff admits that marihuana under the laws of the State of California is classified as a narcotic drug but contends marihuana is not included in the term "narcotic drugs" as defined by Section 1251(a) (11).

Section 101 of the Narcotic Control Act of 1956 covers unlawful acquisition of marihuana. Section 102 treats of transportation of marihuana. These sections refer to the amendments of the 1954 Code, 26 U.S.C.A. §§ 4744, 4755—"The Narcotic Drugs Import and Export Act." Section 103, which amends Section 7237 of the Internal Revenue Code states: "Violations of narcotic drug and marihuana laws."

Section 105 relates to the importation of narcotic drugs. Section 106 refers to the smuggling of marihuana. Section 108 deals with unlawful possession of narcotic drugs and marihuana on vessels. 21 U.S.C.A. §§ 174, 176a, 184a.

It would appear that Congress, in enacting Public Law 728, kept in mind a distinction between marihuana and narcotic drugs. In many of the sections as noted above Congress referred to narcotic drugs and marihuana, and Section 106 refers exclusively to the smuggling of marihuana. The amendment to the Immigration and Nationality Act with which we are concerned in this proceeding was a part of Public Law 728. We are at a loss to comprehend how Congress could make a distinction between narcotic drugs and marihuana in the first part of Public Law 728 and not make the same distinction in the last part.

A review of Public Law 728 forces us to conclude that Congress distinguishes between "narcotic drugs" and "marihuana." The section under which the government seeks to deport plaintiff used only the term "narcotic drugs." We must hold that Congress did not intend to include marihuana within the definition of narcotic drugs.

The Court will find plaintiff not deportable upon the grounds as set forth in the order of deportation. Counsel for plaintiff will prepare findings of fact and judgment in conformity with the rule.