Arnulfo ROJAS-GUTIERREZ, Plaintiff,

v.

Richard C. HOY, as District Director of the Immigration and Naturalization Service, Los Angeles, California, Defendant.

Civ. A. No. 1152-57.

United States District Court
S. D. California,
Central Division.

April 25, 1958.

27. 35 U.S.C.A. § 112, cl. 1.

28. 35 U.S.C.A. § 112, cl. 2.

29. 35 U.S.C.A. § 102(a) (b) (e) and (f).

Newman & Newman and Philip M. Newman, Los Angeles, Cal., for plaintiff.

Laughlin E. Waters, U. S. Atty., Richard A. Lavine, Asst. U. S. Atty., Mary G. Creutz, Asst. U. S. Atty., Los Angeles, Cal., for defendant.

MATHES, District Judge.

Plaintiff, an alien of Mexican nationality, has invoked the jurisdiction of this Court under § 10 of the Administrative Procedure Act [60 Stat. 243 (1946), 5 U.S.C.A. § 1009] to review administrative proceedings had before the Immigration and Naturalization Service of the Department of Justice which resulted in a final order of the Attorney General that plaintiff be deported from the United States. See Shaughnessy v. Pedreiro, 1955, 349 U.S. 48, 75 S.Ct. 591, 99 L.Ed. 868; cf. Kessler v. Strecker, 1939, 307 U.S. 22, 34–35, 59 S.Ct. 694, 83 L.Ed. 1082.

The case has been submitted for decision upon an agreed statement of facts set forth in the pre-trial conference order. In 1948 plaintiff was before the Immigration and Naturalization Service in deportation proceedings based upon the charge that prior to entry into the United States he had been convicted of the crime of burglary. On May 4, 1948, the Commissioner of Immigration found plaintiff not to be deportable and ordered the deportation proceedings terminated.

In 1953 plaintiff was again the subject of deportation proceedings, this time based upon his conviction in 1938, 1945, and 1949 of the crime of possessing marihuana in violation of §§ 11001, 11160 and 11500 of the California Health and Safety Code. On December 2, 1953, the Board of Immigration Appeals held that plaintiff was not deportable because of these convictions and ordered the 1953 deportation proceedings terminated.

Almost two years later, in 1955, plaintiff filed a petition for naturalization at the Los Angeles office of the Immigration and Naturalization Service.

On July 18, 1956, § 241(a) (11) of the Immigration and Nationality Act of 1952 was amended to declare deportable any alien "who at any time has been convicted of a violation of * * * any law or regulation relating to the illicit possession of * * * narcotic drugs * * *." 70 Stat. 575 (1956), 8 U.S. C.A. § 1251(a) (11).

Shortly thereafter, on September 28, 1956, the Immigration and Naturalization Service commenced the deportation proceedings under review in this action by ordering plaintiff to show cause why he should not be deported from the United States by reason of having been convicted in 1938, 1945, and 1949 of unlawful possession of "parts of the plant Cannabis Sativa L. (commonly known as marihuana)" in violation of §§ 11001, 11160 and 11500 of the Health and Safety Code of California.

A hearing was had before a Special Inquiry Officer [8 U.S.C.A. § 1252(b)], who found plaintiff to be a deportable

alien under the above-quoted amendment to § 241(a) (11) of the Immigration and Nationality Act of 1952 [8 U.S.C.A. § 1251(a) (11)], and on October 19, 1956, ordered him deported. The Board of Immigration Appeals affirmed the order of deportation. And on September 25, 1957, defendant directed plaintiff to report to the Los Angeles office of the Immigration and Naturalization Service for deportation. This action followed, resulting in administrative suspension of deportation pending judicial review.

Plaintiff advances three grounds in support of his contention that the deportation order of October 19, 1956, is without authority in law and should be declared a nullity:

First, that convictions of unlawful possession of marihuana are not convictions of "illicit possession of * * * narcotic drugs" within the meaning of the 1956 amendment to § 241(a) (11) of the Immigration and Nationality Act of 1952 [8 U.S.C.A. § 1251(a) (11)];

Second, that even if otherwise deportable under the 1956 amendment to § 241 (a) (11), plaintiff's deportation is precluded by the existence of a "right in process of acquisition" under his pending petition for naturalization filed in 1955, which right was preserved by the saving clauses set forth in § 405(a) and (b) of the Immigration and Nationality Act of 1952 [66 Stat. 280 (1952), 8 U.S. C.A. note foll. § 1101; cf. Shomberg v. United States, 1955, 348 U.S. 540, 75 S. Ct. 509, 99 L.Ed. 624]; and

Third, that in all events plaintiff acquired a "status of non-deportability" by virtue of the administrative decisions dismissing the 1948 and 1953 deportation proceedings against him, and this claimed status was preserved over the 1956 amendment to § 241(a) (11) by the saving clauses in § 405(a) and (b) of the Act. See Mulcahey v. Catalanotte, 1957, 353 U.S. 692, 77 S.Ct. 1025, 1 L.Ed.2d 1127; cf. Lehmann v. United States ex rel. Carson, 1957, 353 U.S. 685, 77 S.Ct. 1022, 1 L.Ed.2d 1122.

Turning to the first contention, plaintiff urges that marihuana is not a "narcotic drug" within the meaning of § 241 (a) (11), as amended in 1956, since the Congress, apparently bearing in mind the question whether marihuana possesses the habit-forming qualities of substances generally classified as narcotic drugs, has not seen fit expressly to include marihuana in that category. In this connection it is noted that marihuana was treated separately from "narcotic drugs" in the Narcotic Control Act of 1956 [70 Stat. 567 (1956), 26 U.S.C.A. § 4701 et seq.], enacted by the same Congress that enacted the 1956 amendment to § 241(a) (11) of the Immigration and Nationality Act of 1952. [See U.S.Code Congressional and Administrative News pp. 3321, 3274–3322 (1956).]

However, it is unnecessary here to reach the problem whether marihuana is a "narcotic drug" within the meaning of § 241(a) (11), for I find, as plaintiff asserts and defendant concedes, that my brother Judge Westover has already explored the question and reached a conclusion which accords with plaintiff's contention here—namely, that marihuana is not a narcotic drug within the meaning of the statute in question. [See Mendoza-Rivera v. Del Guercio, D.C. S.D.Cal.1958, 161 F.Supp. 473.

The Court of Appeals of this Circuit has quoted with approval the proposition stated in Shreve v. Cheesman, 8 Cir., 1895, 69 F. 785, 791, certiorari denied 1896, 163 U.S. 704, 16 S.Ct. 1206, 41 L.Ed. 320, that the "various judges who sit in the same court should not attempt to overrule the decisions of each other * * * except for the most cogent reasons." Carnegie Nat. Bank v. City of Wolf Point, 9 Cir., 1940, 110 F.2d 569, 573.

For judges of co-ordinate jurisdiction to presume to overrule one another usually adds only unseemly conflict and confusion where certainty and predictability are most to be desired. The "overruling" decision settles nothing,

and more often than not serves only to compound uncertainty as to the correct rule to be followed. The reasons so well put by Judge Sanborn more than a half-century ago in Shreve v. Cheesman, supra, *a fortiori* apply today. See 69 F. at pages 790–791; also TCF Film Corp. v. Gourley, 3 Cir., 1957, 240 F.2d 711.

■ Unless a judge can say that he thinks a decision of a colleague is on the face of it patently erroneous, he should follow it. Especially is this true of decisions in the same case, and of decisions in different cases involving rules of practice and procedure or rules of property or, as here, the status of persons. Cf.: Dictograph Products Co. v. Sonotone Corp., 2 Cir., 1956, 230 F.2d 131; TCF Film Corp. v. Gourley, supra, 240 F.2d 711.

In the days when Justices of the Supreme Court "rode the circuit" and presided in the trial courts, Mr. Justice Field, sitting as Circuit Justice in the then Circuit Court of the District of Nevada, upon being importuned to dissolve an injunction which had been issued by the circuit judge, wrote: "I could not with propriety reconsider his decision, even if I differed from him in opinion. The circuit judge possesses * * * equal authority with myself in the circuit, and it would lead to unseemly conflicts, if the rulings of one judge, upon a question of law, should be disregarded, or be open to review by the other judge in the same case." Cole Silver Min. Co. v. Virginia & Gold Hill Water Co., C.C.D.Nev.1871, 6 Fed.Cas. pages 72, 74, No. 2,990.

■ Since I cannot say that on the face of it Judge Westover's conclusion on the question of law now presented appears to me to be patently erroneous, I follow it without further study. Anyone who wishes to challenge that ruling should do so in the Court of Appeals, which was established to correct errors of the Judges of this Court.

What has been said is not to intimate that I tend to disagree with, or even question the soundness of the conclusion Judge Westover has reached, but only to emphasize that, until overruled, I feel in comity bound to follow his ruling on this question of statutory construction, and this without myself re-examining the problem. Cepo v. Brownell, D.C.N.D.Cal.1957, 147 F.Supp. 517, 521.

However, defendant points to the fact that the decision of my brother Chief Judge Yankwich in United States v. Ford Coupe Automobile, D.C.S.D.Cal.1949, 83 F.Supp. 866, rules marihuana to be a narcotic drug. This presents a dilemma more apparent than real, since the decision there does not conflict with that of Judge Westover.

The case before Judge Yankwich involved proceedings to declare the forfeiture of an automobile used in transporting a "contraband article". [See 49 U.S.C.A. §§ 781–788.] And there the statute, after declaring "contraband article" to include "any narcotic drug", in turn expressly defines "narcotic drug" to include "marihuana". [49 U.S.C.A. §§ 781, 787(d).]

Inasmuch as plaintiff must prevail on the authority of Judge Westover's holding that the term "narcotic drug", as used in the 1956 amendment to § 241(a)(11) of the Immigration and Nationality Act of 1952, does not include marihuana, it is unnecessary to consider the other grounds urged.

For the reasons stated, plaintiff is entitled to judgment (1) annulling the final order of the Attorney General directing that he be deported from the United States, and (2) permanently enjoining defendant from proceeding with deportation by authority of such order.

The attorneys for plaintiff may serve and lodge with the Clerk within ten days findings of fact, conclusions of law and judgment accordingly, to be settled pursuant to Local Rule 7, West's Ann.Cal. Code.