Constantino **TOMASELLI**, Appellant,

v.

**John M. LEHMANN**, Officer in Charge, **U. S. Immigration and Naturalization Service**, Appellee.

No. 13476.

United States Court of Appeals Sixth Circuit.

Oct. 16, 1958.

James M. Modarelli, Jr., Youngstown, Ohio, for appellant.

Sumner Canary, Eben H. Cockley and James C. Sennett, Jr., U. S. Attys., Cleveland, Ohio, for appellee.

Before SIMONS and MILLER Circuit Judges, and THORNTON, District Judge.

PER CURIAM.

This cause came on to be heard on the oral arguments and briefs of attorneys for the parties and upon the record in the case.

The question presented to the trial court and here on appeal is: "Can an alien who entered this country between 1910 and 1914 and who, on March 2, 1927, was convicted in a United States District Court for a violation of a Narcotic Law now be deported by reason of the provisions of Section 241(a)(11) and 241(d) of the Immigration and Nationality Act of 1952?"

The pertinent part of the Section is as follows: Section 241(a) (8 U.S.C.A. § 1251) "Any alien * * * shall, upon the order of the Attorney General, be deported who—(11) is, or hereafter at any time after entry has been, a narcotic drug addict, or who at any time has been convicted of a violation of any law or regulation relating to the illicit traffic in narcotic drugs * * *."

The appellant contends that the use of the word "hereafter" in Section 241(a)(11) means that such section was to operate prospectively subsequent to the effective date of the Act, and further represents that no Court has determined this question. Appellant's argument is without merit because the section of the Statute under consideration is free from ambiguity.

We agree with the conclusion of District Judge Weick, from his memorandum filed in this cause, that: "This question is no longer an open one as the Supreme Court construed the section to operate retrospectively and upheld the law. Mulcahey v. Catalanotte, 353 U.S. 692, 77 S.Ct. 1025, 1 L.Ed.2d 1127; Lehmann v. United States ex rel. Carson, 353 U.S. 685, 77 S.Ct. 1022, 1 L.Ed.2d 1122."

The judgment of the District Court is affirmed, and it is so ordered.