Richard C. HOY, District Director of Immigration and Naturalization Service, Los Angeles, California, Appellant,

v.

Manuel MENDOZA-RIVERA, Appellee.

No. 16107.

United States Court of Appeals
Ninth Circuit.

April 3, 1959.

Laughlin E. Waters, U. S. Atty., Henry P. Johnson, Richard A. Lavine, Asst. U. S. Attys., Los Angeles, Cal., for appellant.

Harlin M. Fuller, Los Angeles, Cal., for appellee.

Before FEE, BARNES and HAMLIN, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

Mendoza-Rivera brought a declaratory judgment proceeding seeking in the ultimate a pronouncement that he is not deportable by appellant as an officer of the Immigration and Naturalization Service. He is not in custody. The trial court passed the judgment prayed for, and the District Director appealed.

Mendoza-Rivera is a Mexican by birth and parentage. He has resided in this country since he was two years old. He was convicted in the state court of the possession of flowering tops and leaves of Indian Hemp, a misdemeanor under California law, and sentenced to ninety days in jail in January, 1952. After due proceedings based upon this state conviction, Mendoza-Rivera was ordered deported on January 11, 1957.

We need not sentimentally animadvert to the consequences to this alien of a sentence of banishment. Most crimes have overtones in punishment quite unacceptable to the perpetrator. On the other hand, it may be suspected that the law abiding citizens of this country would not feel keenly the absence of Mendoza-Rivera. This is a subject of philosophical reflection and is not ruled upon. The result depends upon a statute of the United States. Courts have no duty to reform the statutes to fit their terms to the form of every individual criminal. If double breasted suits have been provided for all, one should not be refitted and recut as a single breasted suit to conform to the wishes of an individual, even though wearing a double breasted is to him a fate worse than death.

The statute which governs the situation has been amended. The text is as amended, but the changes have been shown by the italicizing for portions added. Section 241(a)(11) of the Immigration and Nationality Act, as amended July 18, 1956, 8 U.S.C.A. § 1251(a)(11), provides that an alien may be deported who:

> "* * * is, or hereafter at any time after entry has been, a narcotic drug addict, or who at any time has been convicted of a violation of, *or a conspiracy to violate,* any law or regulation relating to *the* illicit *possession of or* traffic in narcotic drugs, or who has been convicted of a violation of, *or a conspiracy to violate,* any law or regulation governing or controlling the taxing, manufacture, production, compounding, transportation, sale, exchange, dispensing, giving away, importation, exportation, or the possession for the purpose of the manufacture, production, compounding, transportation, sale, exchange, dispensing, giving away, importation, or exportation of opium, coca leaves, heroin, marihuana, any salt derivative or preparation of opium or coca leaves or isonipecaine or any addiction-forming or addiction-sustaining opiate * * *."

While it is probable that, if there had been any attention directed to that consequence, Mendoza-Rivera is exactly the type person the members of Congress who voted for the Act would have desired deported, there is no proof. The legislative history, as usual, proves what is in the eye of the beholder. It may well be that Mendoza-Rivera will obtain an unexpected and surprising windfall, if he is not deported.

The statute is the standard. When the words "conspiracy to violate" and "possession of" were added by amendment to the first clause of the Act, so that for the first time a person was subject to deportation because of a conviction for the offense of illicit possession of narcotic drugs, and the second provision, permitting deportation of any person convicted of offenses relating to enumerated drugs including marijuana, which originally and as amended contained the words "governing * * * the possession for the purpose of the manufacture, production, compounding, transportation, sale, exchange, dispensing, giving away, importation, or exportation of * * * marihuana" and which remained unchanged except for the addition of the words "or a conspiracy to violate," the intention drawn from the amendment to the text clearly is that conviction of possesion of a narcotic drug is sufficient, but that "possession for the purpose of the manufacture, production, compounding, transportation, sale, exchange, dispensing, giving away, importation, or exportation of * * * marihuana" was needed before a person could be deported under the section. Mendoza-Rivera was only convicted of simple possession of marijuana. He does not fall in the ambit of the enactment.

The learned District Judge wrote an extensive opinion upon this subject, which is worthy of attention. Mendoza-Rivera v. Del Guercio, D.C., 161 F.Supp. 473.

Affirmed.