Richard C. HOY, District Director of Immigration and Naturalization Service, Los Angeles, California, Appellant,

v.

Arnulfo ROJAS-GUTIERREZ, Appellee.

No. 16105.

United States Court of Appeals
Ninth Circuit.

April 3, 1959.

Laughlin E. Waters, U. S. Atty., Henry P. Johnson, Richard A. Levine, Asst. U. S. Attys., Los Angeles, Cal., for appellant.

Philip M. Newman, Los Angeles, Cal., for appellee.

Before FEE, BARNES and HAMLIN, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

Arnulfo Rojas-Gutierrez was ordered deported to Mexico after a hearing on October 19, 1956. He had been previously convicted in the California state courts on March 11, 1938, November 13, 1945, and April 8, 1949, each time for having had in his possession the flowering tops and leaves of Indian Hemp (Cannabis Sativa Marijuana). These offenses constituted the sole ground for the order.

Previously, he had been subject of deportation proceedings on the ground that he had been convicted of the crime of burglary before his entry into the United States. The hearing terminated by a finding in his favor.

After the present order of deportation, he initiated a suit in the nature of a declaratory judgment proceeding. The sole cause of the order of deportation lies in the provisions of Section 241(a)(11) of the Immigration and Nationality Act of 1952 (8 U.S.C.A. § 1251). There were not issues of fact in the declaratory judgment proceeding. The trial court issued a declaratory judgment to the effect that Arnulfo Rojas-Gutierrez was not deportable. The District Director took this appeal.

The sole question is whether appellee is subject to deportation because he has been found guilty under the California state statutes of simple possession of marijuana. This Court has ruled today, in Hoy, District Director v. Mendoza-Rivera, 267 F.2d 451 that the statute does not include such cases. The District Judge in this case purported to follow the Mendoza-Rivera holding in the District Court. Nevertheless, the authority of Judge Mathes strengthens that position, and we find it in accord with our own thinking. Rojas-Gutierrez v. Hoy, D.C., 161 F.Supp. 448.

Affirmed.