**Istvan GARDOS a/k/a Steven Garrick, a/k/a Sir William Barrick, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 149, Docket 28230.**

United States Court of Appeals
Second Circuit.

Submitted Oct. 31, 1963.

Decided Nov. 13, 1963.

180

Wilfred L. Davis, New York City, for petitioner.

Robert M. Morgenthau, U. S. Atty., for the Southern District of New York, for respondent. Roy Babitt, Special Asst. U. S. Atty., of counsel.

Before SWAN, CLARK and MARSHALL, Circuit Judges.

PER CURIAM.

■ This petition to review an order of deportation was taken on submission without argument. It presents questions of law which are controlled by congressional legislation and decisions of the Supreme Court of the United States. All the facts are admitted. The petitioner was born in Hungary. He came to Canada and became a Canadian citizen in 1955. The following year he was convicted in Canada of illegally possessing marihuana. When he was admitted to the United States, in 1959, the Cana-

dian conviction was not a ground for exclusion or deportation, but in 1960 the statute was amended to authorize deportation of an alien "who at any time has been convicted of a violation of * * * any law or regulation relating to the illicit possession of or traffic in narcotic drugs *or marihuana*." [Italics added.] 8 U.S.C.A. § 1251(a) (11), as amended 74 Stat. 505, § 9 (1960). That this was to be effective retroactively was decided in Mulcahey v. Cattalonette, 353 U.S. 692, 77 S.Ct. 1025, 1 L.Ed.2d 121. That such retroactive application does not violate the *ex post facto* prohibition of Article 1, section 9 of the Constitution has long been recognized, since the *ex post facto* prohibition is limited to crimes, and deportation is a civil proceeding. Harisiades v. Shaughnessy, 342 U.S. 580, 72 S.Ct. 512, 96 L.Ed. 586; Marcello v. Bonds, 349 U.S. 302, 75 S.Ct. 757, 99 L.Ed. 1107.

Order of deportation affirmed.