Doroteo **FUENTES–TORRES**, Petitioner,

v.

**IMMIGRATION AND NATURALIZA-
TION SERVICE**, Respondent.

No. 19456.

United States Court of Appeals
Ninth Circuit.

April 8, 1965.

Milton T. Simmons, Donald L. Ungar, Phelan, Simmons & Ungar, San Francisco, Cal., for petitioner.

Cecil F. Poole, U. S. Atty., Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for respondent.

Before HAMLEY, MERRILL and BROWNING, Circuit Judges.

PER CURIAM.

Proceeding under section 106(a) of the Immigration and Nationality Act (Act), 75 Stat. 651 (1961), 8 U.S.C. § 1105a (1958, Supp. III), Doroteo Fuentes-Torres petitioned this court to review an order for his deportation from the United States to Mexico.

Petitioner is a native and citizen of Mexico who last entered the United States at Del Rio, Texas, on September 13, 1944. On December 27, 1957, he was convicted in the Superior Court of the State of California in and for the County of Santa Clara, of the crime of possession of marihuana in violation of section 11500 of the Health and Safety Code of the State of California. The crime of which petitioner was convicted was committed on March 18, 1957. As a result of this conviction Fuentes was sentenced to the California State Prison for the term provided by law and actually served two years.

By reason of this conviction the Immigration and Naturalization Service ordered Fuents to show cause why he should not be deported pursuant to section 241(a) (11) of the Immigration and Nationality Act, 74 Stat. 505 (1960), 8 U.S.C. § 1251(a) (11) (1958, Supp. III). Under this statute any alien in the United States shall, upon order of the Attorney General, be deported who at any time has been convicted of a violation of any law or regulation relating to the illicit possession of or traffic in narcotic drugs or marihuana.

After proceedings before a special inquiry officer, that official entered an order for the deportation of Fuentes to Mexico on the charge referred to above. This order was sustained by the Board of Immigration Appeals and Fuentes then petitioned for review in this court.

In his brief in this court petitioner presents only one argument, namely that

section 241(a) (11) of the Act, as applied to him, is an *ex post facto* law and, as such, is void under Article I, section 9 of the Constitution of the United States.

The factual basis for this contention is as follows: Section 241(a) (11), as it existed in 1957 when Fuentes committed the offense in question, made subject to deportation any alien who, after entry, has been convicted of the crime of possession of "narcotics drugs." However, this court, in Hoy v. Mendoza-Rivera, 9 Cir., 267 F.2d 451, and Hoy v. Rojas-Gutierrez, 9 Cir., 267 F.2d 490, both decided in 1959, held that the crime of possession of narcotic drugs, as referred to in section 241(a) (11), did not include the crime of possession of marihuana.

Reacting to these decisions, Congress on July 14, 1960, amended section 241(a) (11) to add the words "or marihuana." See 1960 U.S.Code Cong. and Admin. News, pages 3134–3135. Thus conviction of the crime of possession of marihuana was first made a cause for deportation more than three years after Fuentes committed that offense.

Petitioner concedes in his brief that the United States Supreme Court has several times held that the *ex post facto* clause of the Constitution may not be applied in deportation proceedings. See Harisiades v. Shaughnessy, 342 U.S. 580, 593–596, 72 S.Ct. 512, 520–522, 96 L.Ed. 586; Galvan v. Press, 347 U.S. 522, 531–532, 74 S.Ct. 737, 98 L.Ed. 911; Marcello v. Bonds, 349 U.S. 302, 314, 75 S.Ct. 757, 99 L.Ed. 1107; Mulcahey v. Catalanotte, 353 U.S. 692, 694, 77 S.Ct. 1025, 1 L.Ed. 2d 1127. He nevertheless contends to the contrary, believing that he can present arguments which will lead to an overruling of past precedent.

In view of this posture of the case respondent has moved for summary disposition of the petition for review, noting that only the Supreme Court can overrule its past decisions. At argument upon this motion, petitioner did not seriously object to summary disposition of the petition, apparently recognizing that the path he has chosen to follow necessarily leads him to the Supreme Court.

Under the circumstances we believe that summary disposition is warranted, and the motion is therefore granted. On the authority of the Supreme Court decisions cited above, the order for deportation is affirmed.