**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 18, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

KINGSLEY LEE ASAGWARA,

      Petitioner,

v.

ALBERTO R. GONZALES, Attorney
General,

      Respondent.

No. 05-9605
(No. A90 443 602)
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

---

Petitioner Kingsley Lee Asagwara challenges the Board of Immigration

Appeals' (BIA's) order dismissing his appeal from an Immigration Judge's (IJ's)

removal order. We deny the petition in part and dismiss it in part.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## BACKGROUND

Asagwara is a native and citizen of Nigeria. He entered this country in 1975 and acquired lawful permanent resident status. In March 1995, Asagwara entered an *Alford* plea[1] in Oklahoma state court to multiple counts of first-degree rape and lewdness with a child under the age of sixteen. As part of his plea, Asagwara acknowledged that there was "evidence showing that [he] had sex with [his two step-daughters, who were] both under 14 . . . and that [he] also molested" them. Admin. R. at 379. The court found Asagwara guilty and purportedly imposed a "one year deferred sentence with no time to serve." *Id.* at 14 (emphasis omitted).[2] But Asagwara was required to register as a sex offender. *See* Okla. Stat. Ann. tit. 57, § 582 (West Supp. 1994-95).

The former Immigration and Naturalization Service commenced removal proceedings against Asagwara in 2002, alleging that he was removable as an alien convicted of an aggravated felony. Asagwara applied for a waiver of removal under § 212(c) of the Immigration and Nationality Act (INA) and appeared with

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) ("An individual accused of [a] crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.").

[2]     We are somewhat reluctant to accept Asagwara's representation that his sentence was "deferred," given that sentence deferrals were available for deferred judgments, which could not be entered for pleas to sex offenses. *See* Okla. Stat. Ann. tit. 22, § 991c(G) (West Supp. 1994-95). In any event, according to Asagwara's criminal defense attorney, Asagwara served no time because the state's case "basically fell apart." Admin. R. at 136.

counsel before an IJ, offering evidence of his character, family responsibilities, and community ties. The IJ reviewed the evidence and denied Asagwara's application, concluding:

> In light of the extreme severity of [Asagwara's] offenses, and in light of the harm or danger which the Court believes he poses to the United States of America and the citizens thereof, the Court believes that . . . [Asagwara's] application for a waiver under Section 212(c) must be denied.

Admin. R. at 109.

Asagwara appealed to the BIA, arguing that (1) at the time of his plea, he was not removable because "his deferred sentence was not a conviction," and (2) the IJ abused his discretion in denying a waiver of removal. *Id.* at 14. The BIA dismissed the appeal. First, it concluded that the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) retroactively altered the definition of conviction, and that, in any event, Asagwara suffered a conviction under pre-IIRIRA law. Second, it concluded that the IJ did not abuse his discretion in denying a waiver, and alternatively, that new immigration regulations precluded waiver.

Asagwara now petitions this court for review.

## DISCUSSION

We review the BIA's legal and constitutional determinations de novo. *Ferry v. Gonzales*, 457 F.3d 1117, 1126 (10th Cir. 2006). And while we may

ordinarily review the agency's factual findings, checking for substantial evidence, *id.* at 1130, we lack jurisdiction to do so in this case, *see infra* Part II.

I.

Under the INA, "[a]ny alien who is *convicted* of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii) (emphasis added). The INA did not, however, define "conviction." *See Magana-Pizano v. INS*, 200 F.3d 603, 613 (9th Cir. 1999). Consequently, the BIA announced in 1988:

> As a general rule, a conviction will be found for immigration purposes where all of the following elements are present:
> (1) a judge or jury has found the alien guilty or he has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilty;
> (2) the judge has ordered some form of punishment, penalty, or restraint on the person's liberty . . . .; and
> (3) a judgment or adjudication of guilt may be entered if the person violates the terms of his probation or fails to comply with the requirements of the court's order, without availability of further proceedings regarding the person's guilt or innocence of the original charge.

*Matter of Ozkok*, 19 I. & N. Dec. 546, 551-52 (BIA 1988).

Eight years later, through IIRIRA, Congress defined "conviction" as a formal judgment of guilt or, if adjudication has been withheld, where (i) the alien has been found guilty, has entered a plea of guilty or nolo contendere, or has admitted sufficient facts to warrant a finding of guilt, and (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty.

-4-

8 U.S.C. § 1101(a)(48)(A). Additionally, Congress provided that the definition "'shall apply to convictions and sentences entered *before*, on, or after the date of'" enactment. *Moosa v. INS*, 171 F.3d 994, 1006 (5th Cir. 1999) (quoting and emphasizing in part IIRIRA § 322(c)).

Asagwara contends that "his deferred sentence after an *Alford* plea was not a conviction for an aggravated felony that would have caused him to be removable at the time of his plea." Pet. Br. at 8. But he offers no comprehendible analysis to support this contention. Asagwara's argument on appeal to the BIA was slightly more clear. He claimed that his deferred sentence was not a conviction under *Ozkok*, and that IIRIRA's definition could not be retroactively applied to supplant *Ozkok*. Asagwara did not, however, offer any suggestion as to how a deferral in sentencing would elude the *Ozkok* definition of conviction, and the BIA rejected his argument. Asagwara does not mention *Ozkok* in his petition to this court. While a judicial finding of guilt pursuant to an *Alford* plea, in addition to mandatory registration as a sex offender, would seem to constitute an *Ozkok* conviction, we simply conclude that Asagwara has failed to adequately brief this issue for our consideration. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998); *see also* Fed. R. App. P. 28(a)(9)(A) (requiring that an appellant's argument be supported by contentions and reasoning, with citations to authorities and parts of the record on which the appellant relies).

The BIA also recognized that Congress expressly intended to retroactively apply IIRIRA's definition, and ruled that retroactive application did not violate Asagwara's due process rights. Asagwara does not appear to argue that IIRIRA's definition does not cover his situation,[3] but rather, that its coverage is unfair because he pleaded guilty believing that it would not be viewed as a conviction. Even if we assume that Asagwara did not suffer a conviction until IIRIRA, we cannot conclude that Congress's express retroactive alteration of "conviction" is so unfair that it either "shocks the conscience or interferes with rights implicit in the concept of ordered liberty." *United States v. Salerno*, 481 U.S. 739, 746 (1987) (describing substantive due process analysis) (quotations and citations omitted). Indeed, Congress's ability to retroactively expand the class of aliens subject to deportation for criminal activity was recognized long before Asagwara entered his plea. *See, e.g., Mulcahey v. Catalanotte*, 353 U.S. 692, 694 (1957) (holding that it was "indisputable . . . that Congress [in enacting the INA] was legislating retrospectively, as it may do, to cover offenses" that were not previously grounds for deportation (footnote omitted)); *cf. Kuhali v. Reno*, 266 F.3d 93, 111 (2d Cir. 2001) (rejecting due process challenge to the retroactive application of IIRIRA's "aggravated felony" definition because "Congress has a

_____

[3]     IIRIRA's definition was deliberately crafted to encompass, among other things, deferred adjudications. *See* H.R. Conf. Rep. No. 104-828, at 224 (1996); *see, e.g.*, *Moosa*, 171 F.3d at 1005.

legitimate interest in protecting society from the commission of aggravated felonies[,] . . . and legislation that deports aliens who presently commit or who have committed those acts in the past is a rational means of furthering that interest").

We conclude that the BIA did not err in rejecting Asagwara's retroactivity argument.[4]

## II.

Asagwara next argues that the IJ did not properly weigh the evidence offered in support of a waiver, including a psychologist's opinion that Asagwara is not a pedophile. We lack jurisdiction, however, to consider whether the IJ abused his discretion. *See Vargas v. Dep't of Homeland Sec.*, 451 F.3d 1105, 1107 (10th Cir. 2006) (observing that review of a removal order is limited to constitutional claims or questions of law when removal is premised on the alien's commission of an aggravated felony).

As for the BIA's alternative ruling that Asagwara is not statutorily eligible for a waiver, we cannot exercise our Article III power to review a ruling that was issued as an alternative to grounds over which we lack jurisdiction. In other words, "if there are two alternative grounds for a decision and we lack

---

[4]    The Ex Post Facto Clause does not apply to deportation proceedings. *Galvan v. Press*, 347 U.S. 522, 531 (1954).

jurisdiction to review one, it would be beyond our Article III judicial power to review the other." *Ekasinta v. Gonzales*, 415 F.3d 1188, 1191 (10th Cir. 2005).

The petition for review is DENIED in part and DISMISSED in part.

Entered for the Court


Stephen H. Anderson
Circuit Judge