In DEPORTATION Proceedings

MATTER OF M—

A–4541502

*Decided by Board February 10, 1961*

Deportability—Section 241(a)(11), 1952 act—Conviction for growing opium poppy without license.

Conviction under the Opium Poppy Control Act of 1942, 21 U.S.C. 188–188n, for growing *opium poppies* without a license, constitutes a violation of a statute governing or controlling the production of opium within the purview of section 241(a)(11) of the Immigration and Nationality Act.

CHARGES:

Warrant: Act of 1924—Ineligible to citizenship at time of entry.
Lodged: Act of 1924—No immigration visa.
Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Drug laws, *etc.*, conviction: producing opium poppies without license in violation of 21 U.S.C. 188–188n.

### BEFORE THE BOARD

DISCUSSION: The case comes forward on appeal from the order of the special inquiry officer dated September 11, 1960, directing that the respondent be deported on the charges lodged during the course of the hearing.

The record relates to a native of India, citizen of Pakistan, who last entered the United States during the month of December 1926 at Calexico, California, intending to remain permanently although not in possession of an unexpired immigration visa. Deportability on the documentary charge based upon the Immigration Act of 1924 is conceded. Deportation proceedings were begun in 1943, and a number of orders and reopenings have been granted. Finally, on September 21, 1959, this Board directed that the deportation of the alien be suspended under the provisions of section 19(c)(2)(b) of the Immigration Act of February 5, 1917, as amended. However, on May 11, 1960, we granted the Service motion to reopen the proceedings to afford the Service an opportunity to lodge a charge under section 241(a)(11) of the Immigration and Nationality Act for consideration of whether respondent's conviction for violation of the Opium Poppy Control Act of 1942 supported a charge under

181

that section and brought the respondent within the bar of section 19(d) of the Immigration Act of February 5, 1917.

The lodged charge under section 241(a)(11) of the Immigration and Nationality Act of 1952 is predicated upon the respondent's conviction on March 22, 1955, in the United States District Court for the Northern District of California, Northern Division, on three counts of violations of sections 188–188n of Title 21, U.S.C.A., producing opium poppies without a license in June 1954. On appeal, conviction on but two of the counts was affirmed: (1) knowingly produced and attempted to produce the opium poppy, and (2) knowingly permitted the production of the opium poppy on property under his control.[1] Respondent was sentenced to three years' imprisonment, to be served concurrently, and fined $500 on each count. The issue is whether such a conviction of violation of 21 U.S.C. 188–188n supports the charge laid under section 241(a)(11) of the Immigration and Nationality Act.

Section 241(a)(11), 8 U.S.C. 1251(a)(11), as amended by section 9 of the Act of July 14, 1960 (74 Stat. 505), provides:

Any alien in the United States * * * shall * * * be deported who— * * * [1] is, or hereafter at any time after entry has been, a narcotic drug addict, or [2] who at any time has been convicted of a violation of, or a conspiracy to violate, any law or regulation relating to the illicit possession of or traffic in narcotic drugs or marihuana, or [3] who has been convicted of a violation of, or a conspiracy to violate, any law or regulation governing or controlling the taxing, manufacture, production, compounding, transportation, sale, exchange, dispensing, giving away, importation, exportation, or [4] the possession for the purpose of the manufacture, production, compounding, transportation, sale, exchange, dispensing, giving away, importation, or exportation of opium, coca leaves, heroin, marihuana, any salt derivative or preparation of opium or coca leaves or isonipecaine or any addiction-forming or addiction-sustaining opiate. (Bracket-enclosed enumeration of clauses added.)

Counsel in his brief and at oral argument contends that the respondent's conviction for violation of 21 U.S.C.A. 188–188n, otherwise known as the *Opium Poppy* Control Act of 1942 does not come within the purview of section 241(a)(11) of the Immigration and Nationality Act of 1952, as amended, which provides for deportation of an alien who at any time has been convicted of a violation of a law governing or controlling the production of *opium*. Counsel for the respondent seizes upon the difference between "opium poppy" in 21 U.S.C. 188–188n of which respondent was convicted and the term "opium" used in 8 U.S.C. 1251(a)(11) as a defense against deportability on the narcotic charge.

After careful consideration of the arguments put forward by counsel, we affirm the conclusion reached by the special inquiry officer that respondent's conviction under the Opium Poppy Control

[1] *Az Din* v. *United States*, 232 F.2d 283 (C.A. 9, 1956), cert. den. 352 U.S. 827.

Act of 1942, 21 U.S.C. 188–188n, is a violation of a statute controlling the production of opium. The reasons underlying that conclusion are fully set forth in Appendix "A" hereto, unreported *Matter of L—R—*, A–5480711 (B.I.A., May 11, 1955), in which a conviction for violation of the same section received extended consideration. The rationale of that decision is hereby incorporated herein.

It is believed that cases cited by counsel [2] are inapposite to the situation presented in this case. We do not believe that there is involved in section 241(a)(11) of the Immigration and Nationality Act, as amended, the same problem of statutory construction which arose in the cases cited by counsel. The language of the statute is clear. There is no dispute by counsel that opium is produced from the opium poppy as found by the court in the case [3] which resulted in sustaining the conviction of this respondent by the Court of Appeals for the Ninth Circuit. Opium is the dried or inspissated juice of the opium poppy, and the cultivation of the opium poppy is necessary to the production of opium.

It may be observed from the legislative history that deportation laws involving narcotics have been made more stringent in recent years. Thus, the Act of February 18, 1931 (46 Stat. 1171) which required a conviction and sentence for deportation for violation of any law regulating traffic in narcotics was amended by the Act of June 28, 1940 (54 Stat. 673) which eliminated the requirement of a sentence and made a conviction alone sufficient for deportation. Similarly, deportability was extended to include an alien convicted of a State as well as a Federal narcotic law. In like fashion, section 241(a)(11) of the Immigration and Nationality Act was amended by section 9 of the Act of July 14, 1960 (74 Stat. 505) to add marihuana to the list of narcotic drugs, thereby exemplifying the swift concern of Congress in remedying the construction placed upon section 241(a)(11) by the Ninth Circuit that marihuana was not included within the term "narcotic drugs." [4]

Since the respondent is deportable on a ground that brings him within section 19(d) of the Act of 1917, he is ineligible for suspension of deportation. The appeal will be dismissed.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.

---

[2] *Fong Haw Tan v. Phelan*, 333 U.S. 6; *Hoy v. Mendoza-Rivera*, 267 F.2d 451 (C.A. 9, 1959), and *Hoy v. Rojas-Gutierrez*, 267 F.2d 490 (C.A. 9, 1959); *Matter of L—*, 5 I. & N. Dec. 169.

[3] *Az Din v. United States*, 232 F.2d 283.

[4] *Hoy v. Mendoza-Rivera*, 267 F.2d 451 (C.A. 9, 1959), and *Hoy v. Rojas-Gutierrez*, 267 F.2d 490 (C.A. 9, 1959).

## APPENDIX "A"

### BEFORE THE BOARD
(May 11, 1955)

In re: L—R—
A-5480711

**DISCUSSION:** The case comes forward on appeal from the order of the special inquiry officer dated April 6, 1955, ordering respondent deported on the charge stated in the warrant of arrest.

Deportation of the respondent is sought under the provisions of section 241(a)(11) of the Immigration and Nationality Act of 1952 which provides in pertinent part for the deportation of any alien:

* * * who at any time has been convicted of a violation of any law or regulation relating to the illicit traffic in narcotic drugs, or who has been convicted of a violation of any law or regulation governing or controlling the * * * production * * * or the possession for the purpose of * * * production * * * of opium, coca leaves, heroin, marihuana, any salt derivative or preparation of opium or coca leaves or isonipecaine or any addiction-forming or addiction-sustaining opiate.

On August 3, 1953, in the United States District Court for the Northern District of California the respondent was convicted on his plea of guilty for violation of sections 188–188n of Title 21, United States Code, and was sentenced to pay a fine of $500 and placed on probation for a period of two years. The indictment charged that the defendant on or about June 11, 1953, willfully, unlawfully and knowingly produced the opium poppy without having first obtained a license from the Secretary of the Treasury in accordance with the provisions of sections 188–188n of Title 21, United States Code Annotated. The applicable portion of this statute reads as follows:

188b. It shall be unlawful for any person who is not the holder of a license authorizing him to produce the opium poppy, duly issued to him by the Secretary of the Treasury in accordance with the provisions of sections 188–188n of this title, to produce or attempt to produce the opium poppy, or to permit the production of the opium poppy in or upon any place owned, occupied, used, or controlled by him. (Dec. 11, 1942, ch. 720, § 3, 56 Stat. 1045.)

The question presented is whether respondent's conviction of unlawfully and knowingly producing the opium poppy without having first obtained a license in accordance with the provisions of sections 188–188n of Title 21, United States Code, brings him within the deportable provisions of section 241(a)(11) of the Immigration and Nationality Act, *supra*. The law under which respondent was convicted is the Act of December 11, 1942, known as the Opium Poppy Control Act of 1942 (21 U.S.C. 188–188n). Section 188

declares that the purpose of the Act is to discharge more effectively the obligations of the United States under the International Opium Convention of 1912, and the Convention for Limiting the Manufacture and Regulating the Distribution of Narcotic Drugs of 1931; (2) to promote the public health and the general welfare; (3) to regulate interstate and foreign commerce in opium poppies; and (4) to safeguard the revenue derived from taxation of opium and opium products. Section 188a(b) defines the term "produce" or "production" to include the planting, cultivation, growth, harvesting, and any other activity which facilitates the growth of the opium poppy. Section 188a(c) defines the term "opium poppy" as including the plant Papaver Somniferum, any other plant which is the source of opium or opium products, and any part of any such plant. Section 188a(d) defines the term "opium" to include the inspissated juice of the opium poppy, in crude or refined form; and section 188a(e) defines the term "opium products" to include opium and all substances obtainable from opium or the opium poppy, except the seed thereof. A Government witness, Chief Chemist of the United States Internal Revenue Service, likewise testified that the opium poppy is the primary source of opium and that raw opium consists of the coagulated juice that is obtained from cutting the pod of the opium poppy.

The Opium Poppy Control Act of 1942 received extended consideration in the case of *Stutz* v. *Bureau of Narcotics*,[1] which involved a suit by plaintiffs who were growers of the blue seeded poppy (Papaver Somniferum) for its seed, an edible food product, to enjoin federal government officials from interfering in any way with the growing and production of their crop of poppies. The court stated that the Opium Poppy Control Act does not purport to regulate the production of an agricultural crop but is directed to the growth of opium-yielding poppy plants within the United States as the source, not of an edible food product, but rather of raw opium; its effect upon the production of the poppy seed is incidental only to its operation on a plant which produces both narcotic drug and edible seed. The court noted that the primary derivation of Congressional authority to exercise control by federal legislation over the cultivation of the opium poppy is stated in the declared purpose of the Opium Poppy Control Act, which is to discharge more effectively the obligations of the United States under the International Opium Convention of 1912, and the Convention for Limiting the Manufacture and Regulating the Distribution of Narcotic Drugs of 1931. The preamble to the International Opium Convention of 1912 (Treaty Series No. 612; 38 Stat. 1912, 1930), to which the United States was a signatory, expresses the objec-

---

[1] 56 F. Supp. 810 (N.D. Calif., N.D., 1944).

tives sought to be attained by that treaty in stating that the participating powers resolved to pursue progressive suppression of the abuse of opium, morphine, cocaine, as well as drugs prepared or derived from these substances which may give rise to analogous abuses. One of the methods agreed upon by the International Opium Convention of 1912 to accomplish the eradication of the opium evil was through the exercise of control over the production and distribution of raw opium. The later Convention for Limiting the Manufacture and Regulating the Distribution of Narcotic Drugs of 1931 (Treaty Series No. 863; 48 Stat. 1543), to which the United States was signatory, was in furtherance of the same objective as the International Opium Convention of 1912—the eradication of the drug evil by rendering effective by international agreement the limitation of the manufacture of narcotic drugs to the world's legitimate requirements for medical and scientific purposes and by regulating their distribution. The court observed that by the terms of the International Opium Convention of 1912, the United States obligated itself to control the production and distribution of raw opium and that the provisions of the Opium Poppy Control Act expressed the determination of Congress that effective control of opium production and distribution necessitates legislation limiting the proximate source of yield of the raw opium—the opium poppy —whatever the purpose for which its cultivation is undertaken.

The court made it apparent that efficacious control over the production and distribution of raw opium could well depend upon limitation of the cultivation of the opium poppy within the United States to legitimate medical and scientific needs only; that the opium poppy was the immediate source from which the raw opium was obtained; its cultivation might be undertaken without difficulty, without detection, and for illicit purposes, even under the guise of legitimate pretenses; the process of extracting the raw opium from the opium poppy was a simple one; the growth of the opium poppy, wherever undertaken, could reasonably be said to afford attractiveness to those seeking a source of opium supply either for the satisfaction of their own cravings or for the profits offered by the contraband market; and this attractiveness could be expected to increase as suppression of the drug evil became progressively more effective and other sources of drug supply became more scarce. The court expressed itself as fully satisfied with the appropriate relativity of measures limiting the cultivation of the opium poppy to the objectives of the treaty stipulation to control the production and distribution of raw opium.

In view of the consideration set forth above, it is concluded that respondent's conviction of 21 U.S.C. 188-188n is a violation of a law governing or controlling the production of the narcotic drug,

opium, at its very source, namely, the opium poppy.[2] It is concluded that the ground of deportability is sustained.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.

---

[2] See *Matter of P—G—*, 5—309, involving planting and cultivating loco weed or *cannabis sativa* in violation of section 11530 of the Health and Safety Code of California.