## UNITED STATES ex rel. CEFALU
## v.
## SHAUGHNESSY.

United States District Court,
S. D. New York.

Jan. 4, 1954.

Benjamin Kronenberg, New York City, for relator, Norman N. Liben, New York City, of counsel.

J. Edward Lumbard, Lester Friedman, Atty. in the Office of the Dist. Counsel, Immigration and Naturalization Service, New York City, for respondent.

IRVING R. KAUFMAN, District Judge.

The writ is dismissed. Deportation proceedings were instituted by the issuance of a warrant for the relator's arrest on or about April 28, 1953. The relator was accorded a due and appropriate hearing before a duly authorized officer. The relator conceded his alienage and other vital factors. He was ordered deported on three grounds. No appeal was taken administratively from the order of deportation. On April 30, 1953, a warrant for the relator's deportation was duly issued.

The respondent alleges in his papers and re-asserted upon the argument that he has been able, willing and ready to deport the relator since the issuance of a final order for his deportation. The deportation, respondent asserts, was initially stayed by the service upon the relator of a subpoena requiring his appearance in the United States District Court. Thereafter arrangements were completed for the deportation on June 4, 1953. These arrangements were interrupted by the issuance by a judge of this Court of a writ of habeas corpus

ad testificandum returnable June 15, 1953. It is alleged in the respondent's return that the relator's present attorney appeared as the attorney for the defendant in the criminal proceeding for which relator's testimony has been sought, and obtained the issuance of a writ of habeas corpus ad testificandum in behalf of the defendant in that proceeding. The original writ of habeas corpus ad testificandum was subsequently discharged and the relator eventually was the subject of a new writ of habeas corpus ad testificandum, allowed by this Court in August of 1953, upon an affidavit wherein the relator's present attorney, who represents the defendant in the criminal proceeding, sought a new writ requiring the production of this relator as a witness upon the trial of the criminal action.

The relator urges that the Immigration and Nationality Act, 8 U.S.C.A. § 1252(c) and (d), requires his release from detention since more than six months have elapsed since the issuance of the order of deportation and the Attorney General has not effected the alien's departure from the United States. Lawyers have frequently been criticized for dwelling on the text of a statute and forgetting its context. Professor Corbin in his work on Contracts (Vol. 3, Section 540, p. 57; 1951) warned:

> "A word, appearing suddenly, in empty space and with no history, would express nothing at all. To be expressive of any meaning, all words must have a context and a history * * *."

■ It is inconceivable, as urged by the relator, that Congress intended when it stated that

> "the Attorney General shall have a period of six months from the date of such order or, if judicial review is had, then from the date of the final order of the court, within which to effect the alien's departure from the United States * * *"

that a relator, who has been delayed beyond the six months period, not by reason of any conduct on the part of the Attorney General or his inability to effect the alien's departure, but solely by reason of the conduct of the alien's own counsel in utilizing writs in another proceeding (assuming the good faith of the writs) could thus thwart the execution of the order of deportation and in addition claim his release from the custody of the Immigration officials by reason of the passage of the six months period. The statute expressly provides that the Attorney General "shall have a period of six months" within which to effect an alien's deportation. In view of the writs issued out of this Court, the Attorney General was prevented from effecting the deportation and a fortiori he never "had" his period of six months.

■ In interpreting the language of others, or the intention of the framers of a statute

> "[t]he judicial judge—the critic on the bench—should be vitally imaginative, an artist, * * * quick with empathy, the capacity to feel himself into the minds and moods of other men." (Judge Jerome Frank, 61 Yale Law Journal, p. 1112, June–July, 1952).

Congress clearly intended that the Attorney General have six unhampered months within which to effect deportation, for it is provided in Section 1252 (c) that "if judicial review is had, then from the date of the final order of the court * * *" shall the six months period commence to run.

The relator's remedy obviously is to seek to vacate the writ of habeas corpus ad testificandum if he can establish that it was either improperly allowed or that it is unduly delaying his deportation. The Government has assured this Court that immediately after the dismissal of the writ of habeas corpus ad testificandum it is prepared, as it always has been, to effect the alien's departure.

Settle order.