UNITED STATES of America ex rel.
Tomislav **KORDIC** and Venka
Kordic, Relators,

v.

P. A. **ESPERDY**, as District Director of
the Immigration and Naturalization
Service for the District of New York, or
such other person, if any, who may have
said relators in custody, Respondent.

67 Civ. 2592.

United States District Court
S. D. New York.

July 25, 1967.

Edward Q. Carr, Jr., Attorney-in-Chief, The Legal Aid Society, by Robert L. Feldt, New York City, of counsel, for relators.

Robert M. Morgenthau, U. S. Atty. for S. D. New York, by James G. Greilsheimer, Asst. U. S. Atty., for respondent.

## MEMORANDUM

BONSAL, District Judge.

Petitioners Tomislav Kordic (husband) and Venka Kordic (wife), citizens of Yugoslavia, seek writs of habeas corpus alleging that they are unlawfully detained in the Southern District of New York by P. A. Esperdy, District Director, Immigration and Naturalization Service, New York, New York (the District Director).

Petitioners are husband and wife who were employed as crewmen (cooks) on board the Yugoslav vessel M/V GORANKA. They last arrived in the United States on or about June 22, 1967 at Portland, Oregon. They were issued D-1

conditional landing permits as alien crewmen and were allowed to go ashore. They travelled by plane from Portland to New York without permission and on June 29 were located in Astoria, New York City. Their conditional landing permits were revoked and they were detained pursuant to 8 U.S.C. § 1282(b); 8 C.F.R. 252.2, and are now being held for deportation to Yugoslavia.

Petitioners are represented by the same attorney who contended before the Immigration and Naturalization Service that they were entitled to a hearing before a Special Inquiry Officer, which hearing was not accorded. On July 6 the husband was interviewed by an Immigration Inspector. For reasons which are not clear, his attorney did not appear until the interview had been concluded. The wife was interviewed on July 7, with her attorney present, and refused to answer questions on the advice of her attorney on the ground that she was entitled to a hearing before a Special Inquiry Officer.

Petitioners claim that if they are returned to Yugoslavia they will suffer political persecution. 8 U.S.C. § 1253(h). On July 6, 1967 the husband was interviewed in New York by an Immigration Inspector (see 8 C.F.R. 253.1(e)) who denied his claim on the ground that the allegations of possible persecution in Yugoslavia "do not appear to be convincing." The District Director reviewed the transcript of the husband's interview by the Immigration Inspector and on July 6 endorsed the transcript, "No showing of persecution made—Return crewman to ship—Wife has failed to appear for hearing although offered opportunity to do so—Return her to ship also."

Petitioners contend that they are entitled to have their claims heard by a Special Inquiry Officer of the Immigration and Naturalization Service rather than by an Immigration Inspector who has investigatory or prosecutorial duties. This contention was raised by petitioners' attorney on July 6 at the end of the husband's interview and on July 7 when he advised the wife not to answer questions asked by the Immigration Inspector. Petitioners urge that they are entitled to a hearing before a Special Inquiry (non-enforcement) Officer, relying on United States ex rel. Szlajmer v. Esperdy, 188 F.Supp. 491 (S.D.N.Y.1960); 8 U.S.C. § 1253(h); 8 C.F.R. 253.1(e), and on the Administrative Procedure Act, 5 U.S.C. § 1004. On the other hand, respondent contends that an interview or hearing before an Immigration Inspector is sufficient since 8 C.F.R. 253.1(e) provides for parole "into the United States * * * under the conditions set by the district director * * *" giving the District Director discretion in handling claims by alien crewmen of political persecution and at such an interview or hearing, petitioners may be represented by counsel,[1] may testify and may present documentary evidence and witnesses to support their claim and if their claim is denied they may obtain judicial review. See Vucinic v. United States Immigration and Naturalization Service, 243 F. Supp. 113 (D.C.Oregon 1965); cf. Maggiore Bakery, Inc. v. Esperdy, 238 F. Supp. 374 (S.D.N.Y.1964).

■■ Since the promulgation of the current regulations under § 1253(h), 8 C.F.R. 243 (1967), alien crewmen are not entitled to a hearing before a Special Inquiry Officer. See Vucinic v. United States Immigration and Naturalization Service, supra; Glavic v. Beechie, 225 F.Supp. 24 (S.D.Texas 1963), aff'd per curiam, 340 F.2d 91 (5th Cir. 1964). Section 1253(h) authorizes the Attorney General to withhold deportation of an alien "to any country in which in his opinion the alien would be subject to persecution on account of race, religion, or political opinion * * *" but does not provide for a hearing before a Special

---

1. However, when the wife was interviewed on July 7, the Immigration Officer stated to her attorney that the interview "comes within the category of primary inspection and there is no provision for an attorney to be present * * *." (Transcript of Venka Kordic interview, July 7, 1967, p. 3.)

Inquiry Officer on a claim of political persecution. The current regulations under § 1253(h), 8 C.F.R. 243 (1967), do not provide for such a hearing although earlier regulations under which United States ex rel. Szlajmer v. Esperdy, supra, was decided did provide for the appearance of an alien claiming "physical persecution" before a special inquiry officer for interrogation under oath (8 C.F.R. 243.3(b) (2) (1958)). As the Supreme Court indicated in Foti v. Immigration and Naturalization Service, 375 U.S. 217, 229–230, 84 S.Ct. 306, 11 L.Ed.2d 281 (1963), changes in the administrative regulations of the Immigration and Naturalization Service may affect substantive rights.

■ There is no merit to petitioners' contention that the Administrative Procedure Act requires a hearing before a non-enforcement officer. See Maggiore Bakery, Inc. v. Esperdy, supra. The introductory paragraph of 5 U.S.C. § 1004 specifically limits the provisions of § 1004 to cases "required by statute to be determined on the record after opportunity for an agency hearing, * * *" There is no statute entitling petitioners to an agency hearing, and the procedures for a hearing before a Special Inquiry Officer to determine deportability, 8 U.S.C. § 1252(b), are inapplicable to the petitioners. 8 U.S.C. § 1282(b). Accordingly, petitioners are not entitled to have their claim of political persecution heard by a Special Inquiry Officer.

■ The attorney for the respondent has stated that at an interview or hearing before an Immigration Inspector, petitioners have the right to be represented by counsel, to testify and to present evidence in support of their claim. Petitioners' claims, however, were not heard in accordance with this procedure in part because they contended that their claims should be heard by a Special Inquiry Officer. Therefore, respondent should accord petitioners interviews, with their attorney present, so that they can testify and offer witnesses and documentary evidence in support of their contention that they would be persecuted if returned to Yugoslavia, with right of review if their claims are denied.

Petitioners' applications for writs of habeas corpus are denied without prejudice.

It is so ordered.