**UNITED STATES of America ex rel. Tomislav KORDIC**

v.

**P. A. ESPERDY, as District Director of the Immigration and Naturalization Service for the District of New York, or such other person, if any, who may have relator in custody.**

No. 67 Civ. 3008.

United States District Court
S. D. New York.

Aug. 15, 1967.

See, also, 2 Cir., 386 F.2d 232.

Robert L. Feldt, The Legal Aid Society, New York City, for relator.

Francis J. Lyons, Special Asst. U. S. Atty., Southern District of New York, New York City, for the United States.

MOTLEY, District Judge.

## OPINION

The relator, Tomislav Kordic, previously challenged, in a petition for a writ of habeas corpus before this court, the denial of his right to a hearing on his claim that if he is returned to Yugoslavia he will suffer political persecution. 8 U.S.C. § 1253(h). This court on July 25, 1967 sustained petitioner's right to an interview or hearing before an Immigration Inspector. Respondent had advised the court that such hearing or interview is provided for by 8 C.F.R. § 253.1(e) with the right of judicial review. The court thereupon denied petitioner's application for writ of habeas corpus without prejudice. United States of America ex rel. Kordic v. Esperdy, 274 F.Supp. 873 (S.D.N.Y. decided July 25, 1967).

Relator now seeks by habeas corpus his release from detention pending disposition of his claim. Relator's wife, who was also a relator in the case decided July 25, 1967, has been released from detention. Relator claims in his present petition that the respondent has refused to release him under any circumstances. Relator further claims that in view of his pending interview as ordered by this court, respondent acted arbitrarily in refusing to release petitioner under the same conditions as his wife.

It does not appear from the July 25, 1967 decision that upon the previous application for habeas corpus the court considered the question of release pending the interview or hearing before the inspector with the right of judicial review.

The present policy of the law respecting release of persons charged with an offense is evidenced by the Bail Reform Act of 1966. The objectives of this law are clear. "The purpose of this Act is to revise the practices relating to bail to assure that all persons, regardless of their financial status shall not needlessly be detained pending their appearance to answer charges, to testify, or pending appeal, when detention serves neither the ends of justice nor the public interest." Pub.L. 89–465, § 2, 80 Stat. 214 (1966).

This new statute requires a judicial officer to order a person charged with an offense released pending trial on his personal recognizance or upon the execution of an unsecured bond in an amount specified by the officer, unless the officer determines, in the exercise of his discretion, that such a release will not reasonably assure the appearance of the person as required. See, 18 U.S.C. § 3146. The only exception to the liberal release policy contained in the statute is in the case of any person charged with an offense punishable by death. Here the petitioner may be charged with the misdemeanor defined by 8 U.S.C. § 1282(c). Petitioner's conditional landing permit was revoked and he is detained pursuant to 8 U.S.C. § 1282(b).

Relator's petition recites that an application has been filed on behalf of his wife by her brother seeking in her behalf a preference (Fifth Preference) for admission into the United States. This fact, together with petitioner's assertion of his claim under 8 U.S.C. § 1253(h), evidences a present intention to seek to remain lawfully within the United States if he can. Cf., United States ex rel. Szlajmer v. Esperdy, 188 F.Supp. 491 (S.D.N.Y.1960). Petitioner's claim of political persecution may be sustained. If so, his present detention in retrospect, would seem unduly harsh. Pending a final determination of a claim, our release policy for persons who have not been charged with a crime but who are merely being detained pursuant to an administrative order should be, if anything, more, not less, liberal than our release policy for persons who have been arrested and are waiting to answer formal criminal charges. This court finds that the District Director abused his discretion in refusing release of relator under any circumstances.

By reference to precedent established by prior decisions of this court, *Szlajmer,* supra, and taking cognizance of the new, liberal bail policy applicable to persons charged with offenses, this court orders the release of relator on his own recognizance pending determination by the Immigration Inspector of his claim.