The UNITED STATES of America ex rel.
LAM TUK MAN, Relator,

v.

P. A. ESPERDY, District Director, Immigration and Naturalization Service,
Respondent.

No. 67 Civ. 3025.

United States District Court
S. D. New York.

Sept. 1, 1967.

Thomas Sung, New York City, for relator.

Francis J. Lyons, Special Asst. U. S. Atty., Southern District of New York, New York City, for the United States.

MOTLEY, District Judge.

## OPINION

Relator, Lam Tuk Man, is an alien, a native and citizen of the Republic of China. Relator entered the United States in February of 1965 as a member of the crew of the M/T "Atlantic Endeavor". On February 4, 1965 he was authorized to remain in the United States until February 8, 1965 for the purpose of transferring from the crew of the M/T "Atlantic Endeavor" to the crew of the M/S "Hong Kong Delegate".

On or about March 6, 1965 relator deserted his vessel in Galveston, Texas. He made his way to New York where he found employment and remained unlawfully.

On October 8, 1965 relator was apprehended by Immigration Officers. After a hearing before a Special Inquiry Officer on October 11, 1965, relator was found deportable. Relator is currently

under an order of deportation entered October 11, 1965. Up to April 24, 1967 his deportation had been prevented by judicial proceedings which he himself had initiated. After that time, arrangements were made for deportation of the relator. On July 27, 1967 he was directed to surrender on August 2, 1967 to be detained pending deportation. Detention of the relator pending deportation was pursuant to the authority of 8 U.S.C. § 1252(c). On August 3, 1967 relator applied to the District Director for a stay of deportation. Maintaining that the District Director had improperly denied this application, relator filed a petition for review in the Court of Appeals on the same day. The filing and serving of the petition had the effect of staying the relator's deportation. 8 U.S. C. § 1105a. It was not until August 4, 1967 that the District Director did, in fact, deny the request for a stay of deportation.

On August 8, 1967, the Special Inquiry Officer denied relator's motion to reopen his deportation proceedings. Relator has indicated that he will appeal this decision of the Special Inquiry Officer— a process which, relator contends, will involve considerable delay. Relator's request for bail in the interim has been denied. Relator in this court challenges the denial of bail under this set of facts. He says both that his detention is unlawful under the circumstances, and that, in addition, there are other compelling reasons why he should be at liberty pending the final outcome of his case.

As to the first of these claims, though it is true that Section 242(c) of the Immigration and Nationality Act, 8 U.S.C. § 1252(c) limits the Attorney General's authority to detain an alien after a six months period following the entry of an order of deportation, the period has been extended where the delay in effecting deportation arose not from any dalliance on the part of the Attorney General but from the alien's own resort to a multiplicity of judicial proceedings to delay or avoid his deportation. See, United States ex rel. Cefalu v. Shaughnessy,

117 F.Supp. 473 (S.D.N.Y.1954), aff'd on opinion below, 209 F.2d 959 (2d Cir. 1954). The view expressed by Judge Kaufman in *Cefalu* is that:

> "Congress clearly intended that the Attorney General have six unhampered months within which to effect deportation, for it is provided in Section 1252(c) that 'if judicial review is had, then from the day of the final order of the court * * *' shall the six month period commence to run." *Cefalu*, supra, at 474.

■ Here, all delays in executing the order of deportation are attributable to the relator. Under the law as it now stands in this Circuit, relator's challenge to the lawfulness of his detention pursuant to a deportation order that is more than 6 months old must fail.

■ However, relator has other objections to his detention. Relator, through his attorney, asserts that he is the sole owner of a recently acquired restaurant in Flushing, New York. He maintains that he employs four people. The net asset value of the business is placed at $20,000. Relator contends that he needs an opportunity to sell his business and liquidate his assets before he is deported, and that he cannot accomplish this effectively if he is incarcerated by the federal authorities until the time he is actually deported. He points out that with a petition for review pending in the Court of Appeals (of whatever merit) and an appeal of the Special Inquiry Officer's decision also pending, a significant amount of time will elapse before a final disposition of his case is made. Without a reasonable opportunity to attend to his business matters, relator risks serious financial injury.

It is the view of the court that denial of bail under these circumstances is unreasonable and an abuse of discretion. Cf. United States ex rel. Potash v. District Director, 169 F.2d 747 (2d Cir. 1948); United States ex rel. Dzuro v. District Director, 102 F.Supp. 704 (S.D. N.Y.1951). The final determination of the relator's case does not appear to be

imminent. There is no indication that he will not return at the appointed time if released to take care of this matter of personal business. While relator may be illegally in this country and validly deportable, there is no need to risk exacting a penalty heavier than deportation by keeping him under lock and key until the time of his deportation, when this will seriously jeopardize his economic well being. See, opinion of this court in United States ex rel. Kordic v. Esperdy, 279 F.Supp. 880, decided August 15, 1967.

Therefore, the court has ordered that relator be released for a period of 2 months on an appearance bond of $2,500. This opinion elaborates the basis of that order filed August 12, 1967.