MATTER OF AU

In Bond Proceedings

A-15989183

*Decided by Board November 15, 1968*

The Board of Immigration Appeals has jurisdiction to entertain an appeal from a bond determination pursuant to section 242(a)(2) of the Immigration and Nationality Act, as amended, and 8 CFR 242.2(b) where the alien is in custody pursuant to an order of deportation and a petition for review of the deportation order has been filed under section 106 of the Act, as amended, thereby effecting an automatic stay of deportation.

ON BEHALF OF RESPONDENT: Thomas Sung, Esquire
217 Park Row
New York, New York 10038

Pursuant to the provisions of 8 CFR 242.2(b), the respondent herein appeals from a decision of the District Director entered on October 25, 1968 denying his application for release on bond. Counsel on appeal maintains that the respondent's deportation is not imminent and his continued detention is a punishment which prevents him from pursuing his legal remedies.

The respondent, a native of China and a citizen of the Republic of China on Formosa, unmarried, male, 46 years of age, last entered the United States through the port of New Orleans, Louisiana on June 27, 1967. He was admitted as a nonimmigrant crewman authorized to remain in the United States for the period of time his vessel remained in port, in no event to exceed 29 days. Deportation proceedings were instituted against the respondent on December 7, 1967, and following a hearing accorded him on December 8, 1967, he was found deportable on the charge stated in the order to show cause. The special inquiry officer granted him the privilege of voluntary departure. The order also provided that if the respondent failed to depart when and as required, he be deported to Japan, the country designated by him, and in the alternative to the Republic of China on Formosa. This decision became final when no appeal was taken therefrom.

Thereafter, the Service moved on April 29, 1968 that the deportation proceedings be reopened for the purpose of affording the special inquiry officer an opportunity to designate the British Crown Colony of Hong Kong as a country to which the respondent's deportation should be effected inasmuch as both Japan and the Republic of China on Formosa had advised that the respondent would not be accepted into either country as a deportee. The motion was granted and a reopened hearing was held at New York on July 29, 1968. The respondent, during this hearing, renewed his application for the discretionary relief of voluntary departure, which was denied by the special inquiry officer as a matter of discretion and an order was entered providing for his deportation to Hong Kong. The order further provided that should the respondent present a paid ticket for departure from the United States within 10 days, the proceedings would again be reopened and further consideration given to the matter of voluntary departure. An appeal from this decision was dismissed by the Board of Immigration Appeals on September 10, 1968. A warrant of deportation was issued on September 13, 1968, and on October 9, 1968, the respondent was ordered to surrender for deportation on October 21, 1968.

The respondent on October 16, 1968 filed a petition for review in the United States Court of Appeals for the Second Circuit challenging the Board's order of September 10, 1968 which denied the privilege of voluntary departure. The service of that petition stayed execution of the order of deportation pursuant to section 106(a) (3) of the Immigration and Nationality Act.

The respondent on October 21, 1968 surrendered to the custody of the Immigration Service pursuant to the order of the District Director to report for deportation. Counsel for the respondent, on October 24, 1968, filed an application for release on bond, alleging that since a petition for judicial review was pending, it would appear that the deportation of the respondent is not imminent, and the District Director has the authority to release the respondent on bond.

The District Director on October 25, 1968 denied the respondent's application for release on bond, alleging that the petition for review was patently frivolous and merely a dilatory tactic to avoid deportation. The District Director stated in his order that he had been informed by the United States Attorney for the Southern District of New York that the United States Attorney is prepared to brief and argue the petition for review on an accelerated basis. The District Director also stated that if counsel for

the respondent was truly desirous of promptly presenting the issues to the court, he could make a motion for an accelerated hearing. The District Director states in his memorandum of referral that there are no statutory provisions for an appeal from his decision and refers to the fact that counsel did not submit a petition for acceleration of the hearing before the United States Court of Appeals for the Second Circuit. The District Director in his memorandum of referral also maintains that the respondent's failure to avail himself of voluntary departure on two previous occasions creates doubt as to the sincerity of his quest for voluntary departure.

The first issue before us is whether this Board has jurisdiction in this proceeding in light of the District Director's claim that there are no statutory provisions for an appeal from his decision denying release on bond. The District Director cites no authority for his position. Section 242(c) of the Immigration and Nationality Act does not preclude an appeal of a denial of an application for release on bond in the instant case, because by its very terms the purpose of the detention authorized by the statute is "to effect the *alien's departure* from the United States" (emphasis supplied), and under the provisions of section 106(a)(3) [1] departure cannot be effected while the deportation order is under judicial review by the Court of Appeals for the Second Circuit. It has been held that when proceedings for judicial review are pending, during the interval between the final administrative deportation order and the final order of the court, the arrest and detention provisions of section 242(a) are applicable. *Rubinstein* v. *Brownell*, 206 F.2d 449, 455 (D.C. Cir., 1953), aff'd 346 U.S. 929, 98 L. Ed. 421 (1954).

It is true that 8 CFR 242.2(b) provides, *inter alia*, that the provisions of this regulation "concerning notice, reporting, and appeal shall not apply when the Service notifies the alien that it is ready to execute the order of deportation and takes him into custody for that purpose." However, this does not preclude an appeal to this Board in the instant case; the Service is not ready to execute the order of deportation because the statute grants an automatic stay of deportation pending "determination of the petition by the court" (section 106(a)(3), Immigration and Nationality Act).

---

[1] That portion of section 106(a)(3) germane to the instant case reads: "The service of the petition for review upon such official of the Service shall stay the deportation of the alien pending determination of the petition by the court . . ."

Furthermore, we find nothing in section 106(a)(7) of the Act which limits an appeal to this Board in the instant case. The first sentence of this provision merely states that the Attorney General is not required "to *defer* deportation of an alien after the issuance of a deportation order because of the *right* of judicial review." (Emphasis supplied.) This means only that during the six-month period during which the right of judicial review is made available by section 106(a)(1), deportation need not be stayed in behalf of an alien who has not availed himself of that right. The right in the instant case has been exercised and the statutory stay of deportation is in effect. The case is now in that interval between the final administrative deportation order and the final order of the court.

The second sentence of section 106(a)(7) states:

Nothing contained in this section shall be construed to preclude the Attorney General from detaining or continuing to detain an alien or from taking him into custody pursuant to section 242(c) of this Act at any time after the issuance of a deportation order.

This provision merely means that the new form of judicial review provided for by section 106(a), with its automatic *stay* of deportation, does not interfere with the Attorney General's power to *detain* an alien, heretofore conferred by section 242(c). Stay of deportation pending judicial review, which is designed to preserve the *res*, is automatic under the statute. The power of detention, which is designed to preserve the alien's availability for deportation, is committed to administrative discretion; there is nothing automatic about it. The two concepts are disparate and are governed by different considerations.

There is nothing in the provision just quoted above which bars an appeal from an administrative detention determination. By its very terms, section 242(c) is concerned with the detention of an alien for the purpose of "effect[ing his] departure from the United States" following "the date of the final order of the court" if there is judicial review. This Board held recently in *Matter of Guerra*, Int. Dec. No. 1914 (October 17, 1968), that 8 CFR 242.2(b) precludes our jurisdiction to review detention determinations once the alien has been taken into custody for deportation; but that case did not involve judicial review. Where, as here, review proceedings are pending in court which may take a long time before final conclusion, we cannot believe that the regulation intended to make the District Director's detention determination administratively conclusive. On the basis of the foregoing

we conclude that an appeal in bond proceedings pursuant to section 242(a)(2) of the Act and 8 CFR 242.2(b) is within the jurisdiction of this Board in the instant case.

This brings us to the merits of the appeal. The District Director in his order denying release on bond refers to the fact that the respondent has failed to effect his departure voluntarily on two prior occasions. He takes the position that the respondent's petition for review is patently frivolous and merely a dilatory tactic to avoid deportation. He also refers to the fact that the respondent did not take advantage of the special inquiry officer's offer to reconsider the application for voluntary departure in the event the respondent presented a paid ticket for departure from the United States within 10 days of the decision.

We are in no position to judge the sincerity of the respondent's petition for review. We do note, however, that the respondent was unable to depart for Japan, the country of his choice, because that country would not accept him. He cannot return to the country of his nationality, namely, the Republic of China on Formosa, for similar reasons. The respondent was enlarged on bond in the amount of $2,500 during the period of 10 months between the institution of deportation proceedings on December 7, 1967 and the date he reported voluntarily for deportation on October 21, 1968. It is alleged in the notice of appeal that in the normal course of events, the respondent's petition cannot be heard until sometime in January 1969. We find no basis for the continued detention of the respondent in light of his prior record while enlarged on bond. The fact that counsel for the respondent has made no move to accelerate the hearing before the Court of Appeals should not be held against the respondent. Counsel may or may not have reasons for his failure to take advantage of the offer of the United States Attorney for the Southern District of New York to argue the petition on an accelerated basis.

We can sympathaize with the District Director's feelings. The automatic stay of deportation afforded by section 106(a)(3) does open the door to dilatory opportunities in frivolous cases, and the District Director so views this case. Undoubtedly, the continued detention of the alien could be used as leverage to bring about his attorney's consent to an accelerated hearing in the Court of Appeals. However desirable that end might seem, we cannot justify the alien's continued detention as the means to that end.

The statute makes it clear that the detention power was designed for use, where needed, to make the alien available for hearing and, if ordered, for deportation. Denial of bail has been

137

sustained by the courts only where it has been demonstrated that the alien is not a good risk security-wise, *Carlson* v. *Landon*, 342 U.S. 524, 96 L. Ed. 547 (1952), or bail-wise, *Marks* v. *Esperdy*, 198 F. Supp. 40 (S.D.N.Y., 1961); *Kordic* v. *Esperdy*, 279 F. Supp. 880 (S.D.N.Y., 1967). This respondent obviously fits into neither category. To deny enlargement to an otherwise bailable alien merely because he has sought judicial review would constitute an impermissible restraint on the statutory right of judicial review, however justified the District Director might be in his conclusion that the litigation is frivolous and brought solely for delay.

There are other means of dealing with litigation which is purely dilatory. Frivolous actions are subject to summary dismissal or affirmance on motion, *Fuentes-Torres* v. *Immigration and Naturalization Service*, 344 F.2d 911 (9th Cir., 1965), cert. denied 382 U.S. 846. The automatic stay of deportation afforded by section 106(a)(3) remains effective only "unless the court otherwise directs." In a proper case, the Court of Appeals may be induced on motion to dissolve the stay. Attorneys who persistently engage in abuse of process by bringing actions purely dilatory in frivolous cases may be brought to account by the courts whose officers they are. In any event, continued detention of the alien is not the way to deal with the problem of vexatious litigation.

Under the circumstances, we will enter an appropriate order releasing the respondent conditioned upon the posting of an acceptable appearance and delivery bond in the amount of $2,500.

**ORDER:** It is directed that the alien be released from custody conditioned upon the posting of an acceptable appearance and delivery bond in the amount of $2,500.