## MATTER OF TSOI

### In Bond Proceedings

### A–15162019

*Decided by Board October 4, 1972*

The Board of Immigration Appeals lacks jurisdiction under 8 CFR 242.2(b) to entertain an appeal from the District Director's bond determination where an alien is being held in Service custody for execution of a final order of deportation and a stay of his deportation pending determination of a request for asylum is likely to be of but brief duration. [*Matter of Au*, 13 I. & N. Dec. 133, and *Matter of Kwun*, 13 I. & N. Dec. 457, distinguished.]

ON BEHALF OF RESPONDENT:    Jules E. Coven, Esquire
One East 42d Street
New York, New York 10017

Respondent, an alien in Service custody for deportation, appeals from a decision of the District Director denying his application for release pending determination of his asylum request. The appeal will be dismissed.

From the meagre record before us, it appears that respondent is a native and citizen of China who was admitted to the United States on March 26, 1968 as a nonimmigrant crewman and remained longer than permitted. In ensuing deportation proceedings, he was enlarged on posting a $1,000 delivery bond. He was found deportable after a hearing before a special inquiry officer and granted voluntary departure until September 30, 1968. On his failure to depart, a warrant for his deportation was issued. He failed to surrender for deportation as demanded on December 9, 1968 and the bond was breached. His whereabouts was unknown to the Service until September 21, 1972, when he was taken into custody under the outstanding warrant of deportation.

Respondent promptly applied for political asylum. The application was referred to the State Department and the District Director stayed deportation pending determination of the asylum request. Respondent also applied for release, on bond or otherwise, pending that determination. The District Director concluded that exaction of bond as a condition of release was precluded by the

terms of section 242(c) of the Immigration and Nationality Act, because more than six months had elapsed since the deportation order became final. Insofar as concerned respondent's possible release on his own recognizance, the District Director felt that respondent's record did not justify reliance on his making himself again available for deportation once released. Concluding that respondent's deportation is still imminent, the District Director denied the release application.

Appeals to this Board from Service detention determinations are authorized by 8 CFR 3.1(b)(7), "as provided in Part 242 of this chapter." Under the terms of 8 CFR 242.2(b), after a deportation order becomes administratively final, an alien may appeal direct to the Board from a District Director's determination, "except that no appeal shall be allowed when the Service notifies the alien that it is ready to execute the order of deportation and takes him into custody for that purpose." In *Matter of Guerra*, 13 I. & N. Dec. 40 (BIA 1968), we regarded comparable language in a prior version of the same regulation as depriving us of jurisdiction under such circumstances.

In *Matter of Au*, 13 I. & N. Dec. 133 (BIA 1968) and *Matter of Kwun*, 13 I. & N. Dec. 457 (BIA 1969, 1970), we concluded that the exception carved out of the regulation did not apply where the Service, by reason of a stay of deportation automatically granted by statute during the pendency of review litigation, was not ready to execute the final deportation order. In each of those cases, the alien had filed a petition for review under section 106(a) of the Act, challenging this Board's adjudication in the deportation proceedings on the merits. Under section 106(a)(3) of the Act, deportation was automatically stayed pending court determination of the petition. We concluded that because of the long delay attendant upon judicial litigation of this sort, deportation could not be considered imminent.

The case before us is clearly distinguishable. No proceedings are pending for judicial review of the deportation order on the merits and there is no statutory stay of deportation which is likely to remain in effect for a protracted period of time. The District Director's stay, geared to the asylum application, is likely to be of but brief duration. The District Director's memorandum dated September 25, 1972 informs us that past experience in cases of this type indicates that a reply from the Department of State can be expected within ten days. It thus appears that, if asylum is not granted, it is likely that the District Director will shortly be in a position to deport the respondent. Under these circumstances, we conclude, as we did in *Matter of Guerra, supra*, that the regulations do not contemplate a right of appeal to this Board.

If, contrary to the District Director's expectation, there should be a protracted delay before determination of respondent's asylum application, the rationale of *Matter of Au* and *Matter of Kwun, supra,* would apply. In that event, if the District Director should still refuse to enlarge respondent, the latter would be in a better position to invoke our appellate jurisdiction.

Our disposition of the case on this narrow ground makes it unnecessary for us to consider the question, raised by the District Director, whether expiration of the six-month period precludes exaction of a delivery bond as a condition of release. Whether the six-month period should be considered as tolled where, as here, the alien has prevented deportation by absconding, is a question we therefore need not now confront.

**ORDER:** The appeal is dismissed for lack of jurisdiction.