MATTER OF R——M——

In DEPORTATION Proceedings

A-7500998

*Decided by Board June 19, 1959*

Deportability—Section 241(a)(11) of 1952 act—Mere possession of marihuana
not deportation ground.

Conviction of simple possession of marihuana held not to be deportable of-
fense under section 241(a)(11) of the 1952 act. (Follows *Hoy* v. *Mendoza-
Rivera*, C.A. 9, April 3, 1959, and modifies *Matter of M——V——*, 7 I. & N.
Dec. 571.)

CHARGE:

Order: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Convicted
of illegal possession of marihuana.

**BEFORE THE BOARD**

**Discussion:** This case is before us on appeal from a special inquiry
officer's order of January 22, 1959, directing that the respondent be
deported from the United States in the manner provided by law on
the charge contained in the order to show cause.

The record relates to a 41-year-old married male who last entered
the United States on January 7, 1958, as a returning resident alien.
However, he now claims birth in Amargosa, Arizona, on November
30, 1917. But, upon careful consideration of the evidence of record,
which has been fully discussed in the special inquiry officer's opinion,
we find that the Government has met the burden resting on it in this
proceeding of establishing alienage. We will summarize that evi-
dence briefly.

A baptismal certificate issued on February 8, 1918, as well as one
issued in 1958, reflects birth in Mexico; the godmother has testified
that respondent's father furnished the information reflected therein;
and the respondent has admitted that his father told him his bap-
tismal certificate showed birth in Mexico. Forms I-404-A, certificate
of admission of respondent's parents on March 2, 1923, shows that
respondent, then aged five, was born in Mexico; and Forms I-404-A
relating to his admissions in 1940 and 1941, show respondent's birth-
place as Mexico. Alien Registration Forms executed by respondent
under oath in 1940 and 1953 contain statements by him that he was

397

born in Mexico. He also claimed birth in Mexico in a sworn statement to an immigration officer on February 2, 1958, and he then presented an Alien Registration Receipt Card (Form I-151).

The evidentiary value of the documents submitted by the respondent is strictly limited by their nature in relation to the issue involved here. His army discharge reflects birth in the United States, but the record reveals that said recitation therein is based on respondent's unsupported claim and United States citizenship is not a requirement for military service. (See *Matter of M——*, 6 I. & N. Dec. 415.) The same is true of the certificate of respondent's school attendance in Arizona in 1928–1929.

The weight to be accorded the testimony of respondent's sister, his senior by 18 years, is affected by the relationship. The same is true of the testimony of his aunt, his mother's sister, who was also his godmother; and her testimony was also hearsay. The testimony of his father's friend and former employer was also hearsay.

The only remaining issue is that of deportability, which is predicated on respondent's conviction in the Superior Court, Pinal County, Arizona, for the offense of illegally having marihuana in his possession on or about January 8, 1958. Imposition of sentence was suspended for a term of two years; respondent was placed on probation for that period; and the court reserved the right to impose service of the sentence within the probationary period, if respondent should violate the conditions of probation.

It has been judicially determined that, insofar as marihuana is involved, deportability under section 241(a)(11) of the Immigration and Nationality Act depends upon a conviction for possession for the purpose of manufacture, production, *etc.* (*Hoy* v. *Mendoza-Rivera*, C.A. 9, April 3, 1959, #16,170). This record, however, establishes that the respondent was only convicted of illegal possession of marihuana. Therefore, in the light of the cited decision he does not fall in the ambit of the statute.

In *Matter of M——V——*, 7 I. & N. Dec. 571, we considered whether the amendment to section 241(a)(11) of the Immigration and Nationality Act (8 U.S.C. 1251) by the Narcotic Control Act of 1956 was retroactive. We held that it was. Involved was a conviction for unlawful possession of marihuana. The issue in the *Mendoza-Rivera* case, *supra*, was not raised in *Matter of M——V——*, *supra*. The latter decision must be read in the light of our holding in the instant case.

**Order:** It is ordered that the proceeding be terminated.