MATTER OF AMIET

In Deportation Proceedings

A-18382872

*Decided by Board May 19, 1972*

Conviction of unlawful possession of marijuana for personal use is a conviction
relating to illicit possession of marijuana within the meaning of section
241(a)(11) of the Immigration and Nationality Act, as amended; a conviction of
possession for the purpose of sale or other disposition is not required to
establish deportability under section 241(a)(11) of the Act.

CHARGE:

Order: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Convicted of illicit
possession of marijuana.

ON BEHALF OF RESPONDENT:
Don A. Petruccelli, Esquire
716 First National Building
Davenport. Iowa 52801
and
Margaret Stevenson, Esquire
Lambach, Stevenson & Goebel
100-2 Professional Arts Bldg.
Davenport, Iowa 52803

ON BEHALF OF SERVICE:
R. A. Vielhaber
Appellate Trial Attorney

Respondent appeals from the special inquiry officer's order
requiring his deportation. The appeal will be dismissed.

Counsel contends that respondent's conviction for illicit posses-
sion of marijuana may not serve as the basis for deportation
because the conviction was for possession for personal use.

Respondent was admitted as a nonimmigrant in 1968. The facts
have been fully stated by the special inquiry officer.

To avoid fruitless discussion as to the exact crime for which
respondent was convicted, we assume for the purpose of this
discussion that, as urged by counsel, respondent's conviction on
November 10, 1970, in an Iowa county court was for the crime of
unlawful possession of marijuana for personal use. We hold,
nevertheless, that such a conviction makes respondent deportable
under section 241(a)(11) of the Act which provides for the deporta-
tion of an alien convicted of violation of a law or regulation
relating to illicit possession of marijuana. The immigration law

does not require possession to be for the purpose of sale or other disposition.

Prior to 1956, convictions which did not involve illicit trafficking in narcotics were not grounds of deportation, *Matter of R—M—*, 8 I. & N. Dec. 397 (BIA, 1959); *Matter of M—V—*, 7 I. & N. Dec. 571 (BIA, 1957); *Matter of B—*, 5 I. & N. Dec. 479 (BIA, 1953). Thus, the 1952 Act did not make a conviction for illicit possession of a narcotic a ground of deportation; it required a conviction for "illicit traffic," *Matter of L—*, 5 I. & N. Dec. 169 (A.G., 1953).

In 1956, Congress added language to section 241(a)(11) of the Act for the purpose of making a conviction relating to "illicit possession" of narcotics a ground of deportation, Narcotic Control Act of 1956 (Act of July 18, 1956, 70 Stat. 567, 575). The amended language required the deportation of an alien convicted of a law "relating to the illicit possession of or traffic in narcotic drugs." [1]

Let us now determine the intent of Congress when it amended section 241(a)(11) in 1956 and in 1960. The amended law provides for the deportation of an alien convicted for the illicit possession of *or* traffic in narcotics or marijuana. Were we to equate illicit possession with traffic, as would be the result if counsel's argument were accepted, it would make the use of the word "traffic" meaningless.

Furthermore, since the Immigration Act was amended by the Narcotic Act of 1956 to provide for the deportation of the alien convicted of illicit possession, it would appear that the person referred to in the immigration laws would be at least the same person who could be convicted under the criminal provisions amended by the Narcotic Act of 1956; *e.g.* 26 U.S.C.A. 4744. Under this criminal provision, to obtain a conviction, it is merely necessary to prove that the person has come into possession of untaxed marijuana and that he was required to pay the tax, *United States v. Oropeza*, 275 F.2d 558 (C.A. 7, 1960).[2] We have found no reported

[1] While the Narcotic Act of 1956 made the nonpayment of the required tax in *marijuana* and *narcotic* transactions a crime, section 241(a)(11) spoke only of illicit possession of a *narcotic* drug. Since marijuana is not a narcotic drug, the courts held that conviction for illicit possession of *marijuana* did not bring the alien within that portion of the immigration law which required the deportation of one convicted of illicit possession of a *narcotic* drug, e.g., *Hoy* v. *Mendoza-Rivera*, 267 F.2d 451 (C.A. 9, 1959). To overcome the effect of these decisions, Congress amended the immigration law in 1960 to provide for the deportation of an alien convicted of illicit possession of or traffic in narcotic drugs or *marijuana*, Act of July 14, 1960, P.L. 86-648, 74 Stat. 504, sec. 9.

[2] The gist of the offense is the nonpayment of the required tax. The presumption of unlawful possession is a matter of proof. The presumption arises when the defendant fails to produce proof of payment of the tax after demand has been made upon him for such production, *Ruiz* v. *United States*, 365 F.2d 103, 104 (C.A. 10, 1966); *United States* v. *Chapman*, 321 F. Supp. 767 (E.D. Va., 1971).

case stating that it was a defense to a charge under this section that the illegal use was for personal purposes only. We note that in a case interpreting section 241(a)(11) of the Act as it was amended in 1956, a court stated that conviction for "mere possession of a narcotic drug" was sufficient to justify a deportation order, *Mendoza-Rivera* v. *Del Guercio*, 161 F. Supp. 473 (S.D. Calif., 1958), aff'd *Hoy* v: *Mendoza-Rivera*, 267 F.2d 451 (C.A. 9, 1959).

Furthermore, Congress stated that the purpose of the Narcotic Act was not only the eradication of illicit trafficking in forbidden substances, but also the "elimination of the illegal uses" of these substances, H.R. 2388, June 19, 1956, U.S. Code Cong. and Adm. News, 84th Cong., 2d Sess., 1956, p. 3274. In view of all these facts, we find that a conviction for violation of a marijuana statute involving personal use only was intended by Congress, when it amended section 241(a)(11) in 1956 and in 1960, to make the convicted alien deportable under the immigration laws.

The case of *Varga* v. *Rosenberg*, 237 F. Supp. 282 (S.D. Calif., 1964), relied upon by counsel, does not require a contrary conclusion. The question there was whether an alien convicted of being illegally under the *influence* of narcotics had been convicted of a law relating to the illicit *possession* of narcotics. The court held that "use" does not necessarily include "possession" (at 285). The instant case does involve possession, *Matter of Sum*, 13 I. & N. Dec. 569 (BIA, 1970).

Counsel points out that the criminal provisions affected by the Narcotic Control Act of 1956 were repealed by the Comprehensive Drug Control Act of 1970, approved on October 27, 1970 (P.L. 91–513; 21 U.S.C.A. 801 et seq.). This Act sought to provide "an overall balanced scheme of criminal penalties for offenses involving drugs," U.S. Code Cong. and Adm. News, 91st Cong., 2d Sess. 1970, p. 4567. Section 404 of the new law (21 U.S.C.A. 844) makes simple possession, *i.e.*, possession for personal use, a crime. The section provides that a first offender of laws relating to controlled substances who was found guilty of a violation of section 404 may be placed on probation without the entry of a judgment of guilty. If the offender satisfies the conditions of his probation, the charges are dismissed and the offender is considered as if he had not been convicted "for any purpose."

In passing the Comprehensive Drug Control Act, Congress radically altered its approach to the problem of violations of laws relating to controlled substances to show greater leniency to the first offender guilty of posession for personal use only. Logically, Congress could have provided that an alien who is a first offender convicted for personal use only should not be deportable. However, in passing the Comprehensive Drug Control Act, Congress made

148

no reference to section 241(a)(11). We are without authority to rewrite the law. We find ourselves bound by the language of section 241(a)(11) and we must hold that respondent is deportable as charged.

Counsel points out that respondent is pursuing studies of a nature that cannot be completed elsewhere and that he will complete his studies within a reasonable time. Counsel requests that respondent be permitted to complete his studies. This request should be addressed to the District Director who has the power to stay deportation.

**ORDER:** The appeal is dismissed.

*Warren R. Torrington, Member, Concurring:*

At oral argument, counsel discussed the provisions of section 404 of the Comprehensive Drug Abuse Prevention and Control Act of 1970 (21 U.S.C.A. 844). Our opinion should merely have stated that the new federal statute has no bearing on the matter before us.

At the time of the respondent's conviction, the Comprehensive Drug Abuse Prevention and Control Act of 1970 had not even become effective. Also, this respondent was not convicted of a federal crime. Rather, on his plea of "Guilty," he was convicted of a crime punishable under Iowa state law, in the District Court of the State of Iowa for Scott County. Thus, our opinion should not have been burdened with a gratuitous discussion of the Comprehensive Drug Abuse Prevention and Control Act of 1970.